In the Matter of JOHN J. CULLEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 13, 1989

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*John P. Clarke* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent John J. Cullen was admitted to practice as an attorney and counselor-at-law on March 20, 1950 in the First

Judicial Department. Respondent was also admitted to the practice of law in the State of New Jersey in 1973.

Two complaints were filed with District XI of the Ethics Committee of Passaic County, New Jersey, alleging that the respondent neglected two matters entrusted to him which resulted in both clients' otherwise valid matters being dismissed due to his neglect. Respondent's neglect was exacerbated by his assurances to both clients that the matters were being timely and properly prosecuted. The allegations were sustained by two Hearing Panels. The New Jersey Disciplinary Review Board having confirmed the factual findings by the Hearing Panels recommended that the respondent be suspended for six months, that he continue with psychiatric treatment until discharged, that his restoration to the practice of law be conditioned upon a satisfactory psychiatric examination and, if he is reinstated his work was to be under the supervision of a "proctor" for a minimum period of two years (supervised probation). On or about September 27, 1988, the Supreme Court of New Jersey affirmed the Disciplinary Review Board's decision and respondent's suspension became effective on October 11, 1988.

By notice of petition and petition dated January 26, 1989, the Departmental Disciplinary Committee seeks an order suspending respondent for two years, and, upon any reinstatement application that he be required to submit a psychiatric evaluation.

22 NYCRR 603.3 (a) provides as follows: "Any attorney to whom this Part shall apply, pursuant to section 603.1 of this Part who has been disciplined in a foreign jurisdiction, may be disciplined by this court because of the conduct which gave rise to the discipline imposed in the foreign jurisdiction. For purposes of this Part, foreign jurisdiction means another state, territory or district."

Respondent has fully admitted his culpability in the matters set forth and accepts complete responsibility for his dereliction.

The two charges which were sustained by the Supreme Court of New Jersey constitute misconduct in this jurisdiction and are predicates for disciplinary action by this court.

Accordingly, the application by the Departmental Disciplinary Committee for an order imposing discipline should be

granted to the extent that the respondent shall be, and hereby is, publicly censured.

MURPHY, P. J., KUPFERMAN, CARRO, KASSAL and RUBIN, JJ., concur.

Petition, wherein it seeks a two-year suspension, denied, and respondent is publicly censured.