[604 NYS2d 72]

In the Matter of JOHN D. LASALLE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 23, 1993

#### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent, John D. LaSalle, was admitted to practice of

law in New York by the First Judicial Department on December 22, 1969.

By petition dated May 5, 1993, the Departmental Disciplinary Committee (the DDC) is seeking an order pursuant to 22 NYCRR 603.3, suspending respondent from the practice of law for a period of 30 days based upon the fact that he was similarly disciplined by the Supreme Court of Colorado on February 16, 1993.

The discipline imposed upon respondent in Colorado, where he is also admitted to practice law, arose out of respondent's neglect of a client matter and misrepresentation of the status of the case to the client in Colorado.

An attorney who has been disciplined in another State may be disciplined by this Court because of the conduct which gave rise to such discipline (22 NYCRR 603.3). The misconduct of which respondent has been found guilty in Colorado also violates the Code of Professional Responsibility DR 6-101 (A) (3) and 1-102 (A) (4) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [4]). Since the Hearing Board in Colorado did find a number of mitigating factors, including the absence of a selfish motive, a cooperative attitude in the proceedings, and respondent's sincere remorse, the DDC's petition seeking a 30-day suspension is denied and respondent is publicly censured for his neglect of his client's matter and misrepresentation of the status of the case to his client.

CARRO, J. P., ROSENBERGER, ELLERIN, RUBIN and NARDELLI, JJ., concur.

Petition seeking a 30-day suspension is denied, and respondent is publicly censured, as indicated.