[624 NYS2d 584]

In the Matter of WILLIAM C. BIELUCH, JR. (Admitted as WILLIAM CHARLES BIELUCH, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 4, 1995

## APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, William C. Bieluch, Jr., was admitted to the

practice of law in the State of New York by the First Judicial Department on January 15, 1973 under the name William Charles Bieluch, Jr.

By petition dated December 6, 1994, the Departmental Disciplinary Committee is seeking an order pursuant to 22 NYCRR 603.3, suspending respondent from the practice of law for a period of one month based upon the fact that he was similarly disciplined by the Connecticut Superior Court, Judicial District of Stamford/Norwalk, on January 5, 1994.

The Connecticut Statewide Grievance Committee, based upon a complaint filed against respondent and after a hearing where respondent was represented by counsel and gave testimony, served him with a Presentment of Attorney for Misconduct, on or about August 31, 1993. The presentment alleged that while serving as executor of the estate of Thomas B. Sorenson, respondent (1) failed to cooperate with the court-appointed auditor, (2) failed promptly to release to the successor executor all necessary records, (3) failed to provide the successor executor with a justification of his claim for $52,000 for professional and fiduciary fees, which fees respondent improperly paid to himself, (4) gave a $15,000 loan from the estate without court authorization knowing that such loan was unsecured, and (5) failed to initiate a lawsuit to collect the unpaid debt. The presentment alleged that such conduct constituted professional misconduct in violation of Connecticut Rules of Professional Conduct rules 1.15 and 8.4.

The Connecticut Superior Court conducted three days of evidentiary hearings at which respondent, who was represented by counsel testified and argued that he was not guilty of professional misconduct. Based upon the evidence presented the Superior Court concluded that the factual allegations in the presentment were supported by clear and convincing evidence, the requisite standard of proof in Connecticut disciplinary proceedings, and found that respondent's conduct violated Connecticut Rules of Professional Conduct rule 1.15 (a) and rule 8.4.

In a memorandum decision entered January 5, 1994, the Superior Court suspended respondent from the practice of law for a period of one month, from February 1, 1994 to and including February 28, 1994 (1994 WL 16512). In imposing this sanction, the Superior Court stated that a reprimand was not sufficient under the circumstances and that disbarment or a long-term suspension would be too severe.

The Departmental Disciplinary Committee asserts that the misconduct for which respondent was disciplined in Connecticut constitutes misconduct in New York. The Committee states that respondent is precluded from raising any defense enumerated in 22 NYCRR 603.3 (c), those defenses which would necessitate a hearing in this matter. The Committee also advises that respondent failed to notify either the Committee or this Court of the suspension ordered by the Connecticut Superior Court, as required by the rules of this Court. Notice of respondent's suspension was provided by the Bar Counsel for the Connecticut Statewide Grievance Committee.

Rule 1.15 (a) of the Connecticut Rules of Professional Conduct provides in part that a lawyer "shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property." This rule also requires funds to be "kept in a separate account" and for complete records of such account funds and other property to be kept by the lawyer.

The Superior Court found that respondent failed to keep proper records for the estate's assets and his fees. The Committee states that this conduct also violated DR 9-102 (C) (3) (formerly DR 9-102 [B] [3]) of the New York Code of Professional Responsibility, which provides in relevant part, that an attorney must maintain complete records of all property of his client in his possession, including funds, and to account for such property.

Connecticut's rule 8.4 provides, in part, that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation and/or engage in conduct that is prejudicial to the administration of justice. Respondent engaged in dishonest and/or deceitful conduct by loaning the estate's assets in the form of a secured loan knowing that the loan was actually unsecured, and by paying portions of his own fees by drawing checks payable directly to several banks and then receiving credit to his own account.

The Committee states that respondent's conduct also violated DR 1-102 (A) (4) of the New York Code of Professional Responsibility which also prohibits engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Furthermore, the Committee states that respondent engaged in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5), by failing to cooperate with the court-ordered auditor and by failing to turn over requested records to the successor executor.

Respondent was served by mail on December 15, 1994 with a copy of the Committee's petition which seeks the imposition of reciprocal discipline.

22 NYCRR 603.3 (a) of the rules of this Court provides as follows: "Any attorney to whom this Part shall apply, pursuant to section 603.1 of this Part who has been disciplined in a foreign jurisdiction, may be disciplined by this court because of the conduct which gave rise to the discipline imposed in the foreign jurisdiction. For purposes of this Part, foreign jurisdiction means another state, territory or district."

In a proceeding brought pursuant to 22 NYCRR 603.3 only certain defenses may be raised by the respondent, which if raised would require a hearing. Those defenses are set forth in 22 NYCRR 603.3 (c) which provides as follows:

"(c) Only the following defenses may be raised:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

Respondent never interposed a response to the Committee's petition and therefore does not raise any of the section 603.3 (c) defenses. Inasmuch as the record reflects that he was provided with sufficient notice and an opportunity to be heard on the charges; that the charges of misconduct are supported by the record; and that the misconduct for which respondent was disciplined in Connecticut constitutes misconduct in New York, we find the respondent subject to discipline by this Court pursuant to section 603.3 (a) of our rules.

Turning to the issue of sanction, in reciprocal disciplinary cases such as this, it is generally accepted that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions. (See, Matter of Reiss, 119 AD2d 1 [1st Dept 1986].)

The Connecticut Superior Court imposed a one-month sus-

pension from February 1, 1994 to and including February 28, 1994, as a result of respondent's misconduct. However, this Court, for practical reasons, has been reluctant to impose one-month suspensions as a sanction for professional misconduct. In *Matter of LaSalle* (194 AD2d 28 [1st Dept 1993]), an attorney was suspended for a period of 30 days by the Supreme Court of Colorado as a result of findings that he had neglected a client's matter and misrepresented the status of the case to the client. In a reciprocal proceeding, such as this, the Committee sought an order imposing a 30-day period of suspension from the practice of law in New York predicated upon the 30-day suspension that was imposed in Colorado. This Court, however, imposed a public censure rather than the 30-day suspension.

In the case at bar, respondent failed to cooperate with a court-appointed auditor; failed to promptly release records; failed to justify his fee; and misrepresented the nature of a loan of estate assets. In view of the nature of the misconduct involved, which the Connecticut Superior Court found to warrant a one-month suspension, and this Court's reluctance to impose one-month suspensions, we deny the Committee's petition, and hereby publicly censure respondent for his misconduct pursuant to section 603.3 (a) of the rules of this Court.

ELLERIN, J. P., KUPFERMAN, ASCH, NARDELLI and WILLIAMS, JJ., concur.

Petition, to the extent it seeks to suspend respondent for one month denied, and respondent is censured.