[755 NYS2d 71]

In the Matter of ROBERT N. VOHRA (Admitted as ROBERT NARESH VOHRA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 21, 2003

**APPEARANCES OF COUNSEL**

*Mady J. Edelstein* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Robert N. Vohra*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on April 17, 1989, as Robert Naresh Vohra. He was also admitted to the bar of the District of Columbia in 1990 and currently maintains a law practice with an office in Alexandria, Virginia.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3 disciplining respondent based upon similar discipline imposed by the District of Columbia Court of Appeals or, in the alternative, sanctioning respondent as this Court deems appropriate.

By order dated November 22, 2000, the District of Columbia Court of Appeals suspended respondent from the practice of law for 30 days, which was stayed for a two-year probationary period if respondent submitted to a practice monitor and continued mental health treatment. The court's decision was based upon findings by the Board on Professional Responsibility (the Board) that respondent had violated the District of Columbia Rules of Professional Conduct by failing to complete certain tasks that he had promised a client, by misrepresenting to that client that work had been completed when it had not, and permitting his law firm to seek reimbursement for fees that had not been incurred, in violation of District of Columbia bar rules (Rules of Professional Conduct rules 1.1 [a]; 1.2 [a]; 1.3, 8.4 [c]; *In re Vohra*, 762 A2d 544 [DC]).

A hearing was held before a Hearing Committee and the Board adopted the Hearing Committee's findings of fact and recommended sanction. The Committee found that in 1996, while representing a client, respondent was to determine and ensure compliance with registration or other requirements of each individual state so that the client would be properly registered to offer franchises for sale in the United States. Although respondent represented to his law partner and the client that the work had been completed, respondent never performed the work that was required. Based upon these inaccurate statements, respondent's law firm sought reimbursement from the client for registration fees that were never incurred by the firm. When the client examined the pertinent files, they were empty, incomplete or contained outdated documents. Respondent admitted his conduct and resigned from the firm, and the firm returned to the client any funds that had been improperly collected.

In mitigation, the Board concluded that respondent had been suffering from a major depression at the time of his misconduct

but had been substantially rehabilitated with treatment and currently had a successful practice; respondent is a partner in an Alexandria firm. Moreover, the Board considered respondent's remorse, his lack of prior discipline, his full acknowledgment of his misconduct, the lack of prejudice to his client and his efforts to ameliorate any harm.

The District of Columbia Court of Appeals adopted the Board's findings and recommended sanction of a 30-day suspension, to be stayed, with a two-year probationary period, if respondent submitted to a practice monitor, continued mental health treatment, and submitted quarterly reports from his practice monitor and therapist to the Board and bar counsel.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3 (c), respondent is precluded from raising any defenses except: (1) a lack of notice or opportunity to be heard constituting a deprivation of due process; (2) an infirmity of the proof presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.

Respondent does not dispute that he has no viable defenses under 22 NYCRR 603.3 (c) inasmuch as he was provided with sufficient notice and fully participated in the District of Columbia disciplinary proceedings matter and the findings made by the District of Columbia Court of Appeals were supported by the record. Nor does respondent contest that his misconduct as found by that court would constitute misconduct in this state insofar as the District of Columbia's rules regarding dishonest representations and billing, neglect, and incompetence parallel New York's Code of Professional Responsibility DR 1-102 (a) (4) and DR 6-101 (a) (2), (3) (22 NYCRR 1200.3, 1200.30).

As such, the only issue for resolution by this Court is the appropriate sanction to be imposed, if any. It is a generally accepted principle that the jurisdiction where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*Matter of Reiss*, 119 AD2d 1, 6). However, in New York, unlike the District of Columbia, there is no provision for a suspension stayed by probation. The Committee maintains that the range of sanctions for New York lawyers who have been disciplined for mishandling and neglecting matters entrusted to them, misrepresenting the status of those matters to their clients, and causing clients to be charged for expenses that were not incurred extend from censure to suspension (*see e.g., Matter of Leavitt*, 291 AD2d 37 [18-month

suspension for neglect of three legal matters and misrepresentation to client and two previous admonitions]; *Matter of de la Rosa*, 290 AD2d 134 [public censure for submitting falsely inflated expense report and falsely altered invoices to employer with intent to defraud firm where substantial mitigation presented]; *Matter of Block*, 282 AD2d 12 [six-month suspension for neglecting clients' affairs, and for deliberately deceiving client through lies and fabrication of documents to conceal his failure to commence an action]; *Matter of Cullen*, 148 AD2d 98 [censure of attorney who was suspended for six months in New Jersey for neglecting two matters leading to their dismissal which was exacerbated by his assurances that matters were being prosecuted]).

The Committee also advises that respondent failed to notify either this Court or the Committee of the discipline imposed by the District of Columbia court as required by the rules of this Court. We note, however, that respondent was advised by his attorney that notice was provided by the bar counsel for the District of Columbia bar to this Court in November 2000, immediately after the District of Columbia court rendered its decision.

As noted previously, respondent does not raise any defenses to this reciprocal discipline proceeding. However, he does argue that imposition of discipline at this point in time would be "manifestly unjust" insofar as more than six years have passed since the misconduct occurred and the two-year stay on his 30-day suspension expires on November 22, 2002. Although respondent admits that there is no provision for suspension stayed by probation in New York, he notes that such a sanction was imposed by the Third Department in *Matter of Croak* (277 AD2d 871). Furthermore, respondent avers that his misconduct involved one client under extenuating circumstances, he fully cooperated with the disciplinary authority and he struggled against the odds to rebuild a successful practice which would be damaged by an additional sanction. He also asserts that he has taken all measures and precautions to prevent any recurrence of similar conduct and attaches a January 17, 2001 report from his practice monitor.

Respondent believes that based upon the overwhelming factors in mitigation a sanction other than censure would be drastic and punitive. In addition, respondent notes that absent the mitigating evidence, his sanction in the District of Columbia would have been a 30-day suspension. However, this Court, for "practical reasons," has previously been reluctant to impose

one-month suspensions and has, instead, imposed the sanction of public censure (*see, Matter of Bieluch*, 209 AD2d 52, 56 [censure for Connecticut attorney who failed to cooperate with court appointed auditor, to promptly release records, to justify his fee, and misrepresented the nature of loan of estate assets]; *see also, Matter of LaSalle*, 194 AD2d 28 [censure imposed where attorney suspended for 30 days in Colorado for neglecting a client matter and misrepresenting the status of the case to the client]).

We agree that public censure is an appropriate sanction in this case. Although this Court cannot impose the same sanction respondent received in the District of Columbia for misconduct that occurred six years ago, this Court has imposed public censure where the foreign jurisdiction has suspended an attorney for 30 days (*Matter of Bieluch, supra; Matter of LaSalle, supra*). Moreover, the psychiatrist selected by bar counsel to evaluate respondent concluded that his depression was a significant contributor to his ethical violations, although not so substantial that respondent did not appreciate the wrongfulness of his actions. While respondent's neglect of one matter and his misrepresentations to his client and his firm were clearly wrong, this aberrational conduct occurred while he was suffering from a "major depression" accompanied by fatigue, weight loss, insomnia and difficulty concentrating. Furthermore, the Board considered respondent's remorse, his lack of a disciplinary history, his full acknowledgment of his misconduct, the lack of prejudice to his client and his efforts to correct any harm. Finally, respondent is almost at the end of his two-year probationary period, he has apparently complied fully with the conditions set by the District of Columbia court, and he has made great strides in altering his professional and personal life to prevent any reoccurrence of the factors that led to his misconduct.

Accordingly, the Departmental Disciplinary Committee's petition for an order imposing discipline should be granted to the extent that respondent should be publicly censured.

ANDRIAS, J.P., BUCKLEY, LERNER, MARLOW and GONZALEZ, JJ., concur.

Respondent publicly censured.