[783 NYS2d 579]

In the Matter of THOMAS O'TOOLE, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 4, 2004

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Thomas O'Toole was admitted to the practice of law in the State of New York by the First Judicial Department on February 29, 1988. Respondent currently maintains an office for the practice of law in Baltimore, Maryland and the Departmental Disciplinary Committee believes that he has not practiced law in New York since 1990 and no longer maintains an office in this state.

The Committee presently petitions this Court for an order pursuant to 22 NYCRR 603.3, suspending respondent for 30 days predicated upon the fact that he was similarly disciplined in the State of Maryland, or in the alternative, sanctioning respondent as this Court deems appropriate. Respondent has not submitted a response to this charge.

The Maryland Court of Appeals suspended respondent from the practice of law for 30 days (*Attorney Grievance Commn. v O'Toole,* 843 A2d 50 [Md 2004]) for violating Maryland Rules of Professional Conduct (MRPC) rule 8.4 (b) and (d) which state, in relevant part:

"It is professional misconduct for a lawyer to: . . .

"(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in

other respects; . . .

"(d) engage in conduct that is prejudicial to
the administration of justice . . . ."

The "criminal act" respondent was found to have committed
was his willful failure to file income tax returns. The Court of
Appeals concluded that as an experienced and competent attorney he was aware of his obligation to make such filings and
failed to do so despite warnings from the Comptroller's office
that resulted in the garnishment of his professional accounts in
December 2001. The court found that respondent was guilty of
engaging in conduct that was prejudicial to the administration
of justice when he failed to file federal and state income tax
returns for the years 1998, 1999 and 2000, and when he failed
to file Maryland withholding tax forms for his professional
corporation, Thomas O'Toole, P.C., for the years 1998, 1999 and
2000. The Committee correctly argues that this rule parallels
the New York Code rules, to wit, Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3)—"[a] lawyer or law
firm shall not . . . [e]ngage in illegal conduct that adversely
reflects on the lawyer's honesty, trustworthiness or fitness as a
lawyer"; and (a) (5)—"[a] lawyer or law firm shall not . . .
[e]ngage in conduct that is prejudicial to the administration of
justice" (*see Matter of Lillard*, 255 AD2d 88 [1999] [Maryland
attorney's violation of MRPC rule 8.4 (d) constituted violation
of DR 1-102 (a) (5)]).

An attorney who has been disciplined in another state may be
disciplined by this Court based on the conduct that gave rise to
such discipline. The Committee correctly asserts that respondent is precluded from raising any defense enumerated in 22
NYCRR 603.3 (c) since he had sufficient notice and opportunity
to be heard in the Maryland proceeding where he fully participated and was represented by counsel* (22 NYCRR 603.3 [c]
[1]); that the findings of the Maryland Court of Appeals were
fully supported by the record and respondent's admissions (22
NYCRR 603.3 [c] [2]); and that the misconduct for which he
was disciplined constitutes misconduct in this jurisdiction (22
NYCRR 603.3 [c] [3]).

On the issue of the appropriate sanction, it is a generally accepted principle that the jurisdiction where the respondent lived

---

* The Maryland Court of Appeals' decision was based upon a review of findings of fact and conclusions of law filed by the Circuit Court for Baltimore City following a full evidentiary hearing at which respondent stipulated to most of the allegations.

and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*Matter of Vohra*, 303 AD2d 61, 63 [2003]). However, we have been reluctant to impose one-month suspensions for "practical reasons" and, instead, we have imposed public censure (*see Vohra, supra* at 64-65; *Matter of Bieluch*, 209 AD2d 52, 56 [1995]; *Matter of LaSalle*, 194 AD2d 28 [1993]).

Accordingly, the Committee's petition should be granted to the extent that respondent is publicly censured for his misconduct pursuant to section 603.3 (a) of the Rules of this Court.

NARDELLI, J.P., TOM, SULLIVAN, ELLERIN and WILLIAMS, JJ., concur.

Respondent publicly censured.