[874 NYS2d 28]

In the Matter of JEFF H. GOLDSMITH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 17, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Jeff H. Goldsmith was admitted to the practice of law in the State of New York by the Second Judicial Department on May 4, 1983. He was also admitted as an attorney and counselor-at-law in the State of New Jersey in 1984. At all relevant times respondent maintained an office for the practice of law within the First Judicial Department. He is currently delinquent in his attorney registration.

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.3 censuring respondent predicated upon similar discipline imposed by the Supreme Court of New Jersey. Respondent has not appeared on this motion.

By order entered on or about April 12, 2007 (190 NJ 196, 919 A2d 812 [2007]), the New Jersey Supreme Court censured respondent for violating New Jersey Rules of Professional Conduct (RPC) rule 1.1 (a) (gross neglect), rule 1.3 (lack of diligence), rule 1.4 (a) (failure to communicate with client), rule 1.15 (b) (failure to promptly deliver funds to a client or third party) and rule 3.4 (c) (knowingly disobeying a court order).

The court's decision was based upon a determination of the Disciplinary Review Board (DRB) which, in turn, followed a hearing before the District Ethics Committee (DEC). The hearing was primarily limited to mitigation because respondent, pro se, admitted to the misconduct. In concluding that respondent violated the rules charged, the DRB made the following findings of fact:

> "[Respondent] ignored a sizeable, uncomplicated estate. Although he was acting as executor, as opposed to the attorney for [the] estate, he still had a fiduciary relationship with the beneficiaries, and an obligation to conduct himself in accordance with the rules . . .

> "Here, estate assets sat unattended for almost two years. During that time, respondent made no distributions to beneficiaries, despite almost $500,000 in available funds for disbursement.

> "Likewise, respondent did not deposit the closing proceeds from the house, over $21,000, into the

estate account, and failed to draft and file with the taxing authorities an inheritance tax waiver form, thereby leaving $70,000 escrowed by the buyers' attorney in limbo. This $91,000 of estate funds lay wasting for almost two years because of respondent's inaction.

"Respondent also failed to file two years of federal and state income tax returns (or requests for extensions) for Foster and the estate. In effect, respondent took little action as administrator, evidencing a lack of diligence in his duties to the estate. Chronologically, to this point, it could be said that respondent simply lacked diligence, and perhaps engaged in simple neglect. But his sloth went beyond ignoring the estate and its beneficiaries. He ignored the beneficiaries' complaint seeking his removal as executor, and a court order requiring an accounting and the return of estate records. Ultimately, a $400,000 judgment failed to get his attention.* We, therefore have no difficulty finding that respondent's inaction also amounted to gross neglect, a violation of RPC 1.1 (a). Further, respondent's refusal to act on the court order violated RPC 3.4 (c).

"Respondent also failed to promptly disburse $591,000 of estate funds that were available for beneficiaries, a violation of RPC 1.15 (b).

"Additionally, respondent concededly ignored numerous attempts by the beneficiaries to obtain information about the case, in the form of letters, facsimiles, telephone calls, and office visits, a violation of RPC 1.4 (a). He did so for the two years he held the position of executer."

In mitigation, respondent cited several factors including personal and family tragedies that occurred during the time in question, as well as an acrimonious parting with his longtime law partner. Additionally, respondent was diagnosed as suffering from depression for which he sought treatment. In aggravation, respondent had a disciplinary history in New Jersey that

---

* In the action to remove him as executor, a default judgment was entered against respondent and in June 2003, a final judgment was entered in the amount of $401,645.02. As of the date of the New Jersey hearing (November 2006), respondent had not paid the judgment citing financial reasons.

included a 1994 private reprimand for similar conduct, namely, gross neglect, lack of diligence and failure to communicate with a client, and a 2002 admonition for practicing while on the ineligible attorneys list.

Although the DEC recommended censure, the DRB urged the lesser sanction of public reprimand because respondent's 1994 reprimand was, at the time, 12 years old, and the DEC had made a finding based on uncharged conduct. However, the Supreme Court found that respondent had violated the rules as found by the DRB and determined that he should be censured. The court also ordered respondent to practice law under supervision for a period of one year and submit proof of his fitness to practice law by a mental health professional.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.

Since respondent has not submitted a response to this petition, he has not raised any of the aforementioned defenses. In any event, a review of the record establishes that respondent was afforded due process and that sufficient evidence established his admitted misconduct. Moreover, the conduct for which he was disciplined in New Jersey constitutes violations of parallel disciplinary provisions in this state (*see* Code of Professional Responsibility DR 1-102 [a] [5]; DR 6-101 [a]; DR 9-102 [c]; DR 7-106 [a] [22 NYCRR 1200.3, 1200.30, 1200.46, 1200.37]). The imposition of reciprocal discipline is therefore appropriate (*see Matter of Vohra*, 303 AD2d 61 [2003] [attorney censured for failing to perform work for client and misrepresenting to client and law partner that work had been completed]; *Matter of Gold*, 240 AD2d 74 [1998]).

As no available defense under 22 NYCRR 603.3 exists, the only issue for this Court to decide is the appropriate sanction to be imposed. It is a generally accepted principle that the state where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see Matter of Reiss*, 119 AD2d 1, 6 [1986]; *see also Matter of Supino*, 23 AD3d 11 [2005]). Moreover, a censure is in accord with the mit-

igation presented and this Court's precedent under similar circumstances (*see Matter of Hoffman*, 34 AD3d 1 [2006] [attorney reciprocally censured for failing to appear and provide adequate representation to client]; *Matter of Vohra, supra*; *Matter of LaSalle*, 194 AD2d 28 [1993] [attorney censured for neglecting client matter and misrepresenting status of the case]).

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent publicly censured.

MAZZARELLI, J.P., SAXE, CATTERSON, RENWICK and FREEDMAN, JJ., concur.

Respondent publicly censured.