[923 NYS2d 8]

In the Matter of BRUCE A. YOUNG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 5, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

*Howard Benjamin*, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Bruce A. Young was admitted to the practice of law in the State of New York by the Fourth Judicial Department on February 18, 1981. At all times relevant to this proceeding, respondent has maintained a law office within the First Judicial Department.

In January 2009, the Departmental Disciplinary Committee (the Committee) filed formal charges against respondent relating to two matrimonial matters and one personal injury matter. The charges alleged that respondent violated Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7), DR 2-110 (a) (3), DR 6-101 (a) (3) (two counts) and DR 7-106 (c) (6) (22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.15 [a] [3]; 1200.30 [a] [3]; 1200.37 [c] [6]). The factual allegations were that respondent neglected client matters, failed to keep a client informed of the status of her matter, misrepresented to a client the status of her matter, failed to return an unearned fee, disregarded a ruling of a tribunal in the course of a proceeding and failed to cooperate with the Committee by inordinately delaying his response to one of the foregoing complaints. Respondent filed an answer through his counsel and the parties entered into a prehearing stipulation of certain facts.

A Referee held a hearing at which two complainants and one other witness testified for the Committee. Respondent testified on his own behalf and called his treating psychologist as a witness. The Referee sustained three charges relating to one client, Joan Bankemper, found that the Committee had failed to prove misconduct as to the remaining charges and recommended a public censure. The Hearing Panel heard oral argument and by a report dated March 12, 2010, confirmed the Referee's findings of fact and conclusions of law but recommended a six-month suspension.

The Committee seeks an order confirming the Hearing Panel's determination and suspending respondent from the practice of law for six months. Respondent cross-moves for an order disaffirming the Hearing Panel's report insofar as it recommends a suspension, asserting that a public censure is appropriate.

The three charges sustained by the Referee related to respondent's representation of Bankemper in a matrimonial action. Bankemper, who had been previously represented by an-

other attorney, retained respondent for the purpose of seeking to vacate her separation agreement. She advised respondent of a scheduled September 22, 2005 court appearance but was not aware of its purpose. Unknown to respondent, Bankemper's husband had made a motion to amend his complaint to add a cause of action for a conversion divorce. When respondent appeared in court he learned that the motion had been granted on default and the matter was scheduled for an inquest. The court granted respondent's request for a 30-day adjournment to enable him to prepare a motion to vacate the court's order and to set aside the separation agreement. Respondent however never made the motion. Bankemper later learned on her own that a judgment of divorce had been entered on February 8, 2006. Bankemper thereupon retained new counsel who did make the motion. Respondent did not respond to Bankemper's complaint for nearly a year after he received it. In this regard, respondent stipulated that he did not timely cooperate with the Committee's investigation of the complaint. Based upon these factual findings the Referee sustained charge two (neglecting a client's matter in violation of DR 6-101 [a] [3]), charge four (engaging in conduct that is prejudicial to the administration of justice in violation of DR 1-102 [a] [5]) and charge seven (engaging in conduct that adversely reflected on his fitness as a lawyer in violation of DR 1-102 [a] [7]).

In mitigation, the Referee credited the testimony of respondent's treating psychologist, Dr. Paul Hymowitz, who opined that respondent's procrastination and neglect of Bankemper's matter were attributable to the fact that he suffered from attention deficit disorder and generalized anxiety for which he was treated with medication. In conjunction with Dr. Hymowitz's testimony, the Referee considered respondent's testimony that he intended to file the motion as supported by multiple drafts of moving papers that he had created and discarded. The Referee found respondent's explanation for his failure to cooperate with the Committee to be consistent with his explanation for his failure to perform the services for which he had been retained as well as his therapist's analysis of his disability. The Referee also credited Dr. Hymowitz's testimony that in his opinion respondent is capable of functioning effectively and ethically as an attorney if he continues on his medication and has the assistance of office staff.

In aggravation, the Committee cited a 2007 letter of admonition that stemmed from respondent's similar neglect of another

client matter in 2006. Noting, however, that the conduct occurred at approximately the same time as the conduct charged in this proceeding, the Referee concluded that it could likely be explained by Dr. Hymowitz's diagnosis.

The Hearing Panel recommended a sanction of suspension for a six-month period. While we confirm the findings of the Hearing Panel (as well as the Referee) as to the charges, we find that public censure rather than suspension is the appropriate sanction in light of the nonvenal nature of respondent's misconduct and the unrefuted evidence that the subject charges could be attributed to the attention deficit disorder for which he was treated by a psychologist (*see Matter of Ioannou*, 47 AD3d 65 [2007]; *Matter of Lenoir*, 287 AD2d 243 [2001]). We also find that the 2007 admonition is not a true aggravating factor inasmuch as it was issued after the subject misconduct had already occurred (*see Matter of Salomon*, 78 AD3d 115 [2010]).

Accordingly, the Committee's petition is granted to the extent of confirming the findings of fact and conclusions of law of the Hearing Panel. The petition is denied as to the Panel's recommended sanction and the sanction of a public censure imposed. In addition, respondent is directed to maintain office staff sufficient to enable him to keep track of his client matters. Respondent's cross motion is granted to the foregoing extent.

DeGrasse, J.P., Freedman, Richter, Manzanet-Daniels and Román, JJ., concur.

Respondent publicly censured, as indicated.