[986 NYS2d 336]

In the Matter of TERRY J. FINKELSTEIN (Admitted as TERRY JOEL FINKELSTEIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 3, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Roberta N. Kolar* of counsel), for petitioner.

*Terry J. Finkelstein*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Terry J. Finkelstein was admitted to the practice of law in the State of New York by the First Judicial Department on August 26, 1985. Respondent was also admitted in New Jersey in 1985 where he maintains an office for the practice of law.

In July 2004, the Supreme Court of New Jersey publicly reprimanded respondent for misconduct committed in connection with a real estate matter and related litigation (180 NJ 526, 853 A2d 233 [2004]). Subsequently, in March 2010, the Supreme Court of New Jersey censured respondent for misconduct committed in connection with an estate matter. The Departmental Disciplinary Committee now seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, imposing the sanction of public censure upon respondent or, in the alternative, sanctioning respondent as this Court deems appropriate. The Committee served the petition on respondent at his registered address in New Jersey and he submitted a letter in response.

Respondent does not assert any of the defenses to reciprocal discipline enumerated at 22 NYCRR 603.3 (c), to wit: a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; and the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York. Rather, respondent, pro se, does not object to the imposition of reciprocal discipline, acknowledges that he is "subject to reciprocal discipline" and does "not contest the disciplinary action."

In New Jersey, respondent received notice of the allegations against him, admitted his misconduct and testified at each hearing held in connection with the two disciplinary proceedings. In addition, the record fully supports the New Jersey Supreme Court's findings of misconduct. Finally, respondent's misconduct in New Jersey would constitute misconduct under several provisions of the New York disciplinary rules—namely, Code of Professional Responsibility DR 5-108 (a) (2) (22 NYCRR 1200.27 [a] [2]), improper use of confidences or secrets of a former client; DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]), neglect; DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2]), failure to carry out a contract of employment; and DR 9-102 (a), nonvenal misappro-

priation, and (d), failure to keep required records (22 NYCRR 1200.46 [a], [d]). Thus, the only issue before this Court is the sanction to impose.

As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed in the jurisdiction in which respondent was initially charged (*see Matter of Jaffe*, 78 AD3d 152, 158 [1st Dept 2010]; *Matter of Jarblum*, 51 AD3d 68, 71-72 [1st Dept 2008]). In this matter, a public censure is in accord with this Court's precedent involving similar misconduct (*see e.g. Matter of Rosenberg*, 109 AD3d 225 [1st Dept 2013]; *Matter of Goldsmith*, 61 AD3d 132 [1st Dept 2009]; *Matter of Weiner*, 10 AD3d 92 [1st Dept 2004]).

Accordingly, the Committee's petition is granted and respondent is publicly censured pursuant to 22 NYCRR 603.3.

FRIEDMAN, J.P., RENWICK, MOSKOWITZ, RICHTER and FEINMAN, JJ., concur.

Respondent publicly censured.