[22 NYS3d 867]

In the Matter of BRADLEY D. SHAW (Admitted as BRADLEY DANIEL SHAW), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 26, 2016

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner. *Bradley D. Shaw*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Bradley Daniel Shaw was admitted to the practice of law in the State of New York by the First Judicial Department on March 23, 1992. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.

By a notice and statement of charges dated February 18, 2015, the Departmental Disciplinary Committee (Committee) brought six charges against respondent, alleging neglect in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and rule 1.3 (b) of the Rules of Professional Conduct (RPC) (22 NYCRR 1200.0); failure to comply with a client's reasonable request for information in violation of RPC rule 1.4 (a) (4); conduct involving dishonesty, fraud, deceit or misrepresentation in violation of RPC rule 8.4 (c); and conduct adversely reflecting on his fitness as a lawyer in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and RPC rule 8.4 (h). On or about March 18, 2015, respondent submitted an answer in which he admitted the essential factual allegations contained in the charges.

The charges stem from respondent's neglect of an immigration matter and his misrepresentations to his client as to the status of that matter. Specifically, respondent filed a visa petition on behalf of the complainant's son, but the petition was twice dismissed because of respondent's failure to monitor the status of the petition and his failure to timely file supporting documents. Further, respondent misrepresented the status of the petition, indicating that he was waiting to hear back from the government, when, in fact, he had not filed the required documents.

The Committee now moves for an order, under Rules of the Appellate Division, First Department (22 NYCRR) § 605.15 (e),

confirming the Hearing Panel's determination as to the Referee's findings of fact and conclusions of law and publicly censuring respondent. Respondent, appearing pro se, does not oppose the petition.

The Hearing Panel's report should be confirmed in its entirety, including its recommendation of a public censure. The Panel's liability findings are amply supported by respondent's admissions and by the documentary evidence.

Public censure is in accord with this Court's precedent involving similar misconduct and is appropriate given the significant mitigation, i.e., respondent neglected only a single matter, has no prior disciplinary history, expressed remorse and admitted his misconduct, refunded his legal fee, and fully cooperated with the Committee (*see e.g. Matter of Essien*, 77 AD3d 237 [1st Dept 2010]; *Matter of Vohra*, 303 AD2d 61 [1st Dept 2003]). Further, respondent engaged in pro bono work with New York Law School, representing children who were being trafficked into this country, and provided pro bono advice to immigration clients.

Accordingly, the Committee's petition should be granted, the Hearing Panel's findings of fact and conclusions of law should be confirmed, and respondent should be publicly censured.

FRIEDMAN, J.P., ACOSTA, RENWICK, ANDRIAS and MOSKOWITZ, JJ., concur.

Respondent publicly censured.