[37 NYS3d 254]

In the Matter of ATHANASIOS BASDEKIS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 4, 2016

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Lance E. Philadelphia* of counsel), for petitioner.

*Daniel L. Abrams,* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Athanasios Basdekis was admitted to the practice of law in the State of New York by the First Judicial Department on September 24, 1998. Since 2005, respondent has also been admitted to practice in West Virginia where he currently maintains an office for the practice of law.

The Departmental Disciplinary Committee (Committee) now seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, imposing reciprocal discipline on respondent, in the form of a public censure, based upon discipline imposed upon him by the District of Columbia Court of Appeals.

By order filed November 12, 2015, the District of Columbia Court of Appeals suspended respondent from the practice of law for four months, execution of which was to be suspended in favor of an 18-month period of unsupervised probation subject to the conditions that respondent not be subject to another disciplinary proceeding, he advise his current employer of the terms of his probation, and that he comply with specified, continued treatment which was to include psychiatric care, professional counseling, and regular attendance at Alcoholics Anonymous meetings. The court's decision was based upon findings by the Board on Professional Responsibility (BPR) that respondent had violated the District of Columbia Rules of Professional Conduct by engaging in a pattern of neglect in connection with six client matters which resulted in all of the clients losing their claims. Summary judgment was entered against two of his clients by default, one client's action was dismissed as a sanction for respondent's failure to respond to a discovery order, and the statute of limitations expired on the claims of two other clients. Further, two of respondent's clients were sanctioned because of his inaction. Respondent's behavior, all of which he admitted to, was found to violate District of Columbia Rules of Professional Conduct rules 1.1 (a) (failure to provide competent representation); 1.1 (b) (failure to serve a client with skill and care commensurate with that generally afforded to clients by other lawyers in similar matters); 1.3 (a) (failure to represent a client zealously and diligently within the bounds of the law); 1.3 (b) (1) (intentional failure to seek the lawful objectives of a client through reasonably available

means permitted by law and the disciplinary rules); 1.3 (c) (failure to act with reasonable promptness in representing a client); 1.4 (a) (failure to keep client reasonably informed about status of their matter and to promptly comply with reasonable requests for information) and 3.2 (b) (failure to make reasonable efforts to expedite litigation consistent with the interests of the client).

The parties stipulated that there was significant mitigation, namely: nine years had elapsed without further disciplinary complaints being made against respondent; he had no disciplinary record; he fully cooperated with the disciplinary investigation; there was no venality on respondent's part; he took responsibility and expressed remorse for his misconduct; during the period of misconduct he was suffering from alcohol dependence and bipolar disorder for which he later sought residential and outpatient treatment and, according to the medical evidence submitted, he is now in remission;[1] the medical evidence supports a conclusion that alcohol dependence "substantially affected his misconduct"; he voluntarily ceased the practice of law in 2006 and became vice president of a real estate venture; upon resuming the practice of law in 2008, he joined a law firm in Charleston, West Virginia with a more supportive infrastructure where he was made a partner in 2010; although he had a two-day "slip" in September 2013, in which he abused alcohol, it did not affect his work, he has remained alcohol free ever since and, therefore, an independent medical examiner believes he should continue to function effectively as a lawyer; and that respondent poses no current risk to his clients and is not a recidivist risk while he continues with his treatment plan and with his work environment. No aggravating factors were recited.

The parties agreed that, based on the mitigation and relevant case law, the appropriate sanction was a four-month suspension from the practice of law, all of which would be stayed, with an 18-month period of probation with specified conditions,

---

1. The record includes a letter dated January 9, 2015 from respondent's psychiatrist, who states that, inter alia, she has diagnosed him as suffering from, among other things, alcohol dependence and bipolar disorder both of which are now in remission; she has been treating respondent for these conditions/impairments since 2011; in 2014, she added a diagnosis of adjustment disorder in conjunction with stress attributable to the disciplinary proceeding against respondent, but the condition is resolving; respondent has improved dramatically with treatment; and he "is not considered a recidivist risk as long as he remains in treatment."

which included continued treatment. After a limited hearing was held on the petition for negotiated discipline, a BPR Hearing Committee approved the petition for negotiated discipline and recommended that respondent be disciplined in accordance therewith. The District of Columbia Court of Appeals adopted the BPR's report in full and ordered that respondent be suspended from the practice of law for four months, execution of which was to be suspended in favor of an 18-month period of unsupervised probation subject to the conditions described above.

The only defenses to reciprocal discipline are enumerated at 22 NYCRR 603.3 (c), to wit: a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct in the foreign jurisdiction; or, the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (*Matter of Hoffman*, 34 AD3d 1 [1st Dept 2006]). Here, respondent asserts no defenses; indeed, he consents to the reciprocal discipline requested by the Committee, namely, a public censure. Indeed, none of the defenses applies. Respondent received notice of the charges against him and, represented by counsel, he admitted the misconduct at issue, he consented to the imposition of discipline, and he specifically acknowledged that he was doing so freely and voluntarily and he was not subjected to coercion or duress. In addition, the record, which includes respondent's admissions, amply supports the misconduct findings made by the District of Columbia Court of Appeals and, therefore, there was no infirmity of proof establishing the misconduct in the prior proceeding.

Lastly, respondent's misconduct in the District of Columbia would also constitute misconduct in this state, specifically, Code of Professional Responsibility DR 6-101 (a) (2) (22 NYCRR 1200.30 [a] [2]) (handling a legal matter without preparation adequate in the circumstances); DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) (neglect) and DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1]) (intentional failure to seek the lawful objectives of a client through reasonably available means permitted by law and the disciplinary rules).[2] However, the Committee is incorrect that respondent's violations of District of Columbia bar rules 1.3 (a) (failure to represent a client zealously and diligently within the bounds of the law) and 1.3 (c) (failure to

---

2. Respondent's misconduct occurred prior to April 1, 2009 and, therefore, must be evaluated under the former Disciplinary Rules.

act with reasonable promptness in representing a client) would also violate New York's former DR 7-102 (22 NYCRR 1200.33). Former DR 7-102 pertains to misconduct involving, inter alia, frivolous litigation, the creation or intentional use of false evidence or perjured testimony, and/or the intentional concealment or failure to disclose material information which the lawyer is obligated to disclose, and such misconduct was not found in the District of Columbia proceeding.

Because respondent has no defense to the Committee's effort to impose reciprocal discipline on him, the only issue left to decide is the appropriate sanction. As a general rule, in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Peters*, 127 AD3d 103, 109 [1st Dept 2015]; *Matter of Cardillo*, 123 AD3d 147, 150 [1st Dept 2014]; *Matter of Jaffe*, 78 AD3d 152, 158 [1st Dept 2010]). Only in rare instances will this Court depart from its general rule (*see Matter of Lowell*, 14 AD3d 41 [1st Dept 2004], *appeal dismissed* 4 NY3d 846 [2005], *lv denied* 5 NY3d 708 [2005]).

As noted by the Committee, our Court rules do not provide for the sanction of a stayed suspension with probation (*Matter of Vohra*, 303 AD2d 61 [1st Dept 2003] [noting the difference between New York and District of Columbia, which imposed a 30-day suspension which was stayed for two years while mental health treatment continued, where this Court imposed a public censure]). Thus, were this Court inclined to impose a reciprocal suspension, it would have to suspend respondent from the practice of law for four months, which, it is submitted, would be inconsistent with our precedent for similar misconduct.

In matters involving the neglect of client matters, this Court has generally imposed the sanction of public censure where significant mitigation was presented and, in some cases, even where coupled with misrepresentations, which is not the case here (*see e.g. Matter of Shaw*, 137 AD3d 19 [1st Dept 2016] [censure for admitted neglect of one matter, misrepresentation of the status of the case, failure to promptly comply with client's requests for information; no prior disciplinary history, cooperation with Committee, and remorse]; *Matter of Gilbert*, 131 AD3d 171 [1st Dept 2015] [censure for admitted 15-year neglect of one matter and failure to return unearned fee; unblemished 30-year legal career, serious family and professional difficulties and cooperation with Committee]; *Matter of Salomon*, 78 AD3d 115 [1st Dept 2010] [censure for, inter alia,

neglect of six matters, prior admonition; reforms to law practice and cooperation with the Committee]; *Matter of Vohra*, 303 AD2d at 65 [reciprocal censure for neglect of one matter and misrepresentations to client and law firm where mitigation included full acknowledgment and remorse for aberrational misconduct committed while suffering from major depression, and respondent continued with mental health treatment during D.C.'s two-year probationary period]; *Matter of LaSalle*, 194 AD2d 28 [1st Dept 1993] [reciprocal censure based on 30-day suspension in Colorado for neglect of one client matter and misrepresentation of the status of the matter where mitigation included absence of selfish motive, cooperation with disciplinary authorities, and sincere remorse]; *Matter of Cullen*, 148 AD2d 98 [1st Dept 1989] [reciprocal censure based on six-month suspension in New Jersey for neglecting two client matters resulting in their dismissal, which was exacerbated by assurances that their matters were being prosecuted; suspension order required the respondent to, among other things, continue with psychiatric treatment]).

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent publicly censured.

TOM, J.P., MAZZARELLI, ANDRIAS, MANZANET-DANIELS and GESMER, JJ., concur.

Respondent publicly censured.