Matter of Thomas (2018 NY Slip Op 00398)





Matter of Thomas


2018 NY Slip Op 00398


Decided on January 23, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Marcy L. Kahn, Justices.


M-1677 M-4634

[*1]In the Matter of Leslie Jones Thomas, (admitted as Leslie R. Jones), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Leslie Jones Thomas, (OCA Atty. Reg. No. 1984178) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Leslie Jones Thomas, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 20, 1985.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Orlando Reyes, of counsel), for petitioner.
Sarah Diane McShea, Esq. for respondent.



PER CURIAM


Respondent Leslie Jones Thomas was admitted to the practice of law by the Second Judicial Department on March 20, 1985, under the name Leslie R. Jones. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial [*2]Department.
In 2016, the Attorney Grievance Committee (Committee) brought nine charges against respondent alleging violations of neglect, failure to promptly comply with a client's reasonable requests for information, prohibition against collecting a legal fee in a domestic relations matter absent a written retainer agreement, failure to provide a Statement of Client's Rights and Responsibilities in a domestic relations matter, conduct prejudicial to the administration of justice, and other conduct adversely reflecting on fitness as a lawyer.
A hearing before a Referee was commenced in January 2017, and concluded in February 2017. By report dated April 5, 2017, the Referee sustained charges one through three, dismissed charges four through nine, and recommended that respondent be publicly censured. The Committee argued that respondent should receive no less than a public censure and respondent urged an Admonition.
Now, the Committee asks this Court, pursuant to 22 NYCRR 603.8-a(t)(4) and the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.8(b)(2), to affirm the Referee's findings of fact and conclusions of law sustaining charges one through three; disaffirm the Referee's findings of fact and conclusions of law with respect to charges four, five and nine and instead sustain these charges; and affirm the Referee's sanction recommendation of a public censure.
By cross motion, respondent opposes the Committee's motion insofar as it seeks to have charges four, five and nine sustained and requests this Court affirm the Referee's liability findings in full, as well as his sanction recommendation of a public censure, but disaffirm the Referee's finding that respondent lacked remorse.
In or about June 1996, respondent was retained to represent Jacqueline L., plaintiff spouse in a divorce action. In or about February 1999, following an inquest, the parties agreed to settle the matter. Respondent was directed to file the necessary documents to finalize the divorce within three weeks of February 26, 1999, but failed to do so. Fifteen years later, in or about June 2014, Jacqueline L.'s estranged husband, Charles C., contacted respondent to inquire about the status of the divorce action. Respondent advised Charles C. that she had to locate and review her file in order to respond to his inquiry. Respondent admits that she did not start looking for her file in earnest until in or about January 2015, by which time Charles C. had filed a disciplinary complaint against her. After ultimately finding the file in her home, in or about November 2015, respondent filed the necessary documents with the court and the divorce was finalized in January 2016.
At her deposition before the Committee, respondent testified that after drafting the divorce documents she had difficulty finding her client. She acknowledged however, that it was her fault that the necessary paperwork to finalize the divorce was not filed in a timely manner.[FN1]
The Referee found that prior to and after April 1, 2009, respondent neglected a legal matter in violation of Code of Professional Responsibility DR 6-101(a)(3) (22 NYCRR 1200.30[a][3]) and Rules of Professional Conduct (22 NYCRR 1200.00) rule 1.3(b) (charges one and three respectively) by failing to complete Jacqueline L.'s and Charles C.'s divorce matter in a timely manner. He also found respondent's failure to meet her professional responsibilities in connection with the divorce, prior to April 1, 2009, violated former DR 1-102(a)(7) (22 NYCRR 1200.3[a][7]) (conduct that adversely reflects on fitness as a lawyer) and, therefore, sustained charge two. Respondent does not contest these findings.
Charge four alleged that respondent failed to respond in a timely manner to the Committee's directives that she submit a written answer to Charles C.'s complaint and provide information related thereto in violation of rule 8.4(d). Respondent received the complaint in January 2015 and after several extensions submitted her answer in July 2015. She delayed in providing the Committee with other information for several months. The Referee took notice of [*3]the fact that much of the delay was due to communication issues with respondent's first attorney by virtue of his continuing medical issues. He noted that respondent ultimately answered Charles C.'s complaint and provided the required information. The Referee found that her actions did not rise to a level to support any of the charges and accordingly did not sustain charge four (conduct prejudicial to the administration of justice). The Committee contests this finding.
Charge five alleged that respondent's failure to meet her professional responsibilities in connection with the Jacqueline L./Charles C. divorce matter after April 1, 2009, and her failure to respond to many of Charles C.'s requests for information regarding the divorce, violated rule 8.4(h) (conduct that adversely reflects on her fitness as a lawyer). The Referee summarily found that the evidence did not support this charge and accordingly did not sustain charge five. The Committee contests this finding as well.
In or about March 2013, Daryl S. retained respondent to represent him in a Family Court proceeding involving his ex-wife. In or about July 2016, respondent withdrew from representing Daryl S. after he terminated her services.
Charges 6 through 10 alleged that respondent collected a legal fee from Daryl S. in a domestic relations matter without entering into a written retainer agreement (rule 1.5[d][5][ii]), failed to provide him with a Statement of Clients's Rights and Responsibilities (rule 1.5[e]), failed to promptly comply with his reasonable requests for information (rule 1.4[a][4]), improperly withdrew from the matter (rule 8.4[h]), and failed to comply with the Committee's requests for a written answer to Daryl S.'s complaint and other information in a timely manner (rule 8.4[d]). The Referee summarily found that the evidence did not support these charges and accordingly he did not sustain charges 6-10. The Committee contests the Referee's dismissal of charge nine (rule 8.4[d] violation) and requests it be sustained.
The Referee found that respondent's misconduct was aggravated by three prior Admonitions. In 2003, respondent was admonished for threatening to initiate criminal charges solely to obtain an advantage in a civil matter, in violation of former DR 7-105(a)(22 NYCRR 1200.36[a]). On June 19, 2008, the Committee issued two Admonitions covering two different matters —- one for signing another attorney's name to motion papers in violation of former DR 1-102(a)(4) and (5) (22 NYCRR 1200.3[a][4] and [5]), and the other for failing to appear at a client's sentencing on three successive occasions, for which respondent was sanctioned $1,000, in violation of former DR 1-102(a)(5) (22 NYCRR 1200.3 [a][5]). The Referee also determined that respondent failed to express remorse for her neglect of the Jacqueline L./Charles C. divorce.
Nonetheless, the Referee found that respondent presented "compelling evidence in mitigation," to wit, lack of venal intent, credible character evidence, dedication to public service, and guidance to other attorneys through her involvement with bar associations.
We find that, with the exception of charge five, the Referee's liability findings are sufficiently supported by the record and should be affirmed.
With respect to charges four and nine, while respondent's failure to timely submit answers to the complaints at issue and other related information arguably supports a rule 8.4(d) violation, the fact remains that respondent ultimately provided the requested material; in addition to which, as noted by the Referee, there were communication difficulties with respondent's first counsel due to his medical issues which contributed to the delay. Notably, the Committee does not argue that respondent's alleged failure to timely cooperate warrants a departure from the Referee's recommended sanction of a public censure. Thus, we find that, contrary to the Committee's contention, the Referee's dismissal of charges four and nine should be affirmed.
With respect to charge five (rule 8.4[h] violation), as noted, the Referee found that respondent's failure to meet her professional responsibilities in connection with the Jacqueline L./Charles C. divorce violated former DR 1-102(a)(7)(22 NYCRR 1200.3[a][7]) (charge two) which is the identical predecessor to rule 8.4(h) (other conduct adversely reflecting on fitness as a lawyer), and forms the basis for charge five. We find that the Referee erred in not also sustaining charge five, both of which are firmly supported by the record. Insofar as charge five alleged that respondent failed to respond to Charles C.'s requests for information regarding the divorce [*4]matter, as Charles C. was not respondent's client, and was represented by his own counsel, charge five should only be sustained to the extent it pertained to respondent's failure to meet her professional responsibilities in the divorce matter.
We find that the proposed discipline of a public censure is the appropriate sanction under the circumstances (see Matter of Shaw, 137 AD3d 19 [1st Dept 2016]; Matter of Young, 84 AD3d 29 [1st Dept 2011]). Here, the parties agree that respondent should be censured for her conduct. While respondent has three prior Admonitions (two of which were issued at the same time), none involved neglect. Further, respondent ultimately completed the divorce matter at issue, albeit 16 years later, and there is no evidence that Jacqueline L. or Charles C. suffered any harm as a result of her neglect. Also, respondent presented credible and impressive character evidence from members of the bar and the judiciary. While the Referee found respondent failed to express remorse at the hearing, respondent acknowledged responsibility for her neglect at her earlier deposition and expressed remorse in her affidavit included with her cross motion (see Matter of Weiner, 233 AD2d 67, 71 [1st Dept 1997]).
Accordingly, the Committee's motion should be granted to the extent of affirming the Referee's findings relating to charges one, two, three, four and nine; the Referee's finding with respect to charge five is disaffirmed; respondent's cross motion is granted only to the extent of affirming the Referee's sanction recommendation; and respondent is censured.
All concur.
Order filed. [January 23, 2018]
Acosta, P.J., Renwick, Richter, Webber, Kahn, JJ.
The Committee's motion is granted to the extent of affirming the referee's findings relating to charges one, two, three, four and nine; the referee's finding with respect to charge five is disaffirmed and sustained; respondent's cross motion is granted only to the extent of affirming the referee's sanction recommendation; and respondent is censured.



Footnotes

Footnote 1:At the hearing, respondent claimed that it was unclear as to whose responsibility it was to complete the required documents.