[650 NYS2d 682]

In the Matter of DONALD V. POHLMEYER (Admitted as DONALD VINCENT POHLMEYER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 5, 1996

## APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent, Donald V. Pohlmeyer, was admitted to the practice of law in the State of New York by the Third Judicial Department on March 30, 1982, as Donald Vincent Pohlmeyer.

He was also admitted to practice as an attorney and counselor-at-law in the State of New Jersey.

Petitioner, Departmental Disciplinary Committee, seeks an order pursuant to 22 NYCRR 603.3 suspending respondent from the practice of law predicated upon the fact that he was similarly disciplined by the Supreme Court of the State of New Jersey, or in the alternative, sanctioning respondent as this Court deems appropriate.

Petitioner has shown that, by order dated March 21, 1995, the New Jersey Supreme Court temporarily suspended respondent from the practice of law, restrained all attorney trust or escrow funds maintained by respondent in New Jersey financial institutions and ordered respondent to show cause on May 1, 1995 why his temporary suspension and the restraint of his funds should not continue, based upon his mishandling of a $36,000 check belonging to an estate, his failure to maintain a proper balance in his attorney trust account, and his failure to appear or provide specific documents at continuations of demand audits. When the respondent did not appear on May 1, 1995, his suspension was ordered continued pending disposition of the ethics proceedings against him.

22 NYCRR 603.3 (c) provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

The respondent does not have a defense available under this section. He was provided with sufficient notice and an opportunity to be heard in the New Jersey Supreme Court proceedings, and the findings of the New Jersey Supreme Court are supported by the record, despite the fact that the respondent never appeared before the New Jersey Supreme Court to contest the allegations set forth in the petition.

The New Jersey Supreme Court temporarily suspended respondent from the practice of law pursuant to New Jersey

Rules of Court rule 1:20-11, which states that an attorney may be subject to immediate temporary suspension by the Supreme Court of New Jersey if it finds that the attorney poses a substantial threat of serious harm to an attorney, a client or the public. This provision is comparable to 22 NYCRR 603.4 (e), which states that an attorney may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Suspension would be warranted in New York based upon the respondent's failure to maintain client funds in an attorney trust account, a violation of Code of Professional Responsibility DR 9-102 (B) (1) (22 NYCRR 1200.46), and his failure to cooperate with a disciplinary agency in the course of its investigation, which would constitute conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3).

It is a generally accepted principle that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see, Matter of Reiss*, 119 AD2d 1, 6). Here, the State of New Jersey determined that the appropriate sanction for the respondent's conduct was a suspension from the practice of law pending the final resolution of the charges brought against him in New Jersey. We find no reason to impose a different sanction. Accordingly, the Departmental Disciplinary Committee's motion should be granted and the respondent should be temporarily suspended for a period consistent with that imposed in New Jersey, and until further order of this Court.

ROSENBERGER, J. P., WALLACH, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Application granted, and respondent suspended for a period consistent with that imposed in New Jersey, and until the further order of this Court, effective December 5, 1996.