[57 NYS3d 485]

In the Matter of GEORGE P. STASIUK, a Suspended Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 15, 2017

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,*
New York City (*Sherine F. Cummings* of counsel), for petitioner.
*George P. Stasiuk*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent George P. Stasiuk was admitted to the practice
of law in the State of New York by the First Judicial Depart-
ment on April 17, 2001. He was also admitted as an attorney
and counselor-at-law in the State of New Jersey in 1990. By or-
der entered and effective January 30, 2017, this Court
suspended respondent from the practice of law in the State of
New York, pursuant to Judiciary Law § 468-a, for his failure to
register with the Office of Court Administration and pay appli-
cable fees for several biennial periods. Respondent has not
moved for reinstatement and remains suspended in New York.

The Attorney Grievance Committee now seeks an order pur-
suant to the doctrine of reciprocal discipline and Rules for At-
torney Disciplinary Matters (22 NYCRR) § 1240.13, disciplin-
ing respondent predicated upon discipline imposed by the
Supreme Court of New Jersey, and directing him to demon-
strate why discipline should not be imposed for the underlying
misconduct, or sanctioning him as this Court deems appropri-
ate. Although properly served, respondent has not appeared on
this motion.

By order filed February 12, 2016, the Supreme Court of New
Jersey censured respondent for violating New Jersey Rules of
Professional Conduct (RPC) rules 1.1 (a) (gross neglect), 1.3
(lack of diligence), 1.4 (b) (failure to communicate with client),
1.16 (d) (failure to return an unearned fee) and 8.1 (b) (failure
to cooperate with disciplinary authorities), and ordered him to
refund $6,500 to one of his clients, in full or on a payment
plan, within 30 days after the filing of the date of the order,
failing which, he would be temporarily suspended from the
practice of law without further notice. By order filed March 30,
2016 (224 NJ 389, 133 A3d 281 [2016]), the Supreme Court of
New Jersey temporarily suspended respondent, effective im-
mediately, due to his failure to comply with the terms of the
foregoing order. Respondent failed to inform the Attorney
Grievance Committee and this Court of his New Jersey disci-
pline as required by 22 NYCRR 1240.13 (d).

According to the record in the New Jersey disciplinary
proceeding, in May 2012, a client retained respondent to pursue

a workplace discrimination action, apparently agreeing to pay respondent $900 to file an initial notice. Thereafter, respondent was paid an additional $6,500 for future litigation costs and fees but took no further action on the client's behalf, and failed to keep her apprised of the status of the case, prompting the client to request fee arbitration. In April 2013, respondent appeared at the client's home, telling her, inter alia, that he had been ill and was ready to proceed with her matter. However, he never contacted her again. In August 2013, without respondent's participation, respondent was ordered to pay the client $6,500 within 30 days, but he failed to do so.

Notwithstanding being properly served with an amended complaint by the District Ethics Committee (via service by publication), respondent failed to submit an answer to the complaint. Thereafter, the matter was submitted to the Disciplinary Review Board (DRB), certified as a default. In a decision dated July 28, 2015, the DRB determined that respondent's actions involving the client violated RPC rules 1.1 (a) (gross neglect), 1.3 (lack of diligence), and 1.4 (b) (failure to communicate with client); that his failure to answer the amended complaint violated RPC rule 8.1 (b) (failure to cooperate with disciplinary authorities); and his failure to return the $6,500 given to him by his client, forcing her to petition for fee arbitration, violated RPC rule 1.16 (d) (failure to return an unearned fee).

In recommending the more serious discipline of a censure as the appropriate discipline, the DRB balanced respondent's lack of a disciplinary history with the financial harm caused to his client ($6,500), the fact that he had still not refunded the money to the client, and that he defaulted in the disciplinary matter. Thereafter, the DRB's decision was submitted to the Supreme Court of New Jersey and an order to show cause was issued directing respondent to show why he should not be disbarred or otherwise disciplined. Respondent failed to appear and the court issued its February 12, 2016 order censuring him for the above rule violations and requiring him to refund his client $6,500 within 30 days after the filing of the order, failing which he would be temporarily suspended. As noted, when respondent failed to comply with the direction to pay the client (in full or on an acceptable payment plan), by order filed March 30, 2016, the court temporarily suspended him from the practice of law, effective immediately (224 NJ 389, 133 A3d 281 [2016]).

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, the respondent is precluded from raising any defenses except: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.

Since respondent has not submitted a response to this petition, he has not raised any of the aforementioned defenses. In any event, a review of the record establishes that respondent was afforded due process and that sufficient evidence established his admitted misconduct. Moreover, the conduct for which he was disciplined in New Jersey constitutes violations of parallel disciplinary provisions in this state. The imposition of reciprocal discipline is therefore appropriate (*see Matter of Vohra*, 303 AD2d 61 [1st Dept 2003] [attorney censured for failing to perform work for client and misrepresenting to client and law partner that work had been completed]; *Matter of Gold*, 240 AD2d 74 [1st Dept 1998]).

As no available defense under 22 NYCRR 1240.13 exists, the only issue for this Court to decide is the appropriate sanction to be imposed. It is a generally accepted principle that the state where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see Matter of Reiss*, 119 AD2d 1, 6 [1st Dept 1986]; *see also Matter of Supino*, 23 AD3d 11, 14 [1st Dept 2005]). Moreover, a censure is in accord with this Court's precedent under similar circumstances (*see Matter of Hoffman*, 34 AD3d 1 [1st Dept 2006] [attorney reciprocally censured for failing to appear and provide adequate representation to client]; *Matter of Vohra*, 303 AD2d at 63-64; *Matter of LaSalle*, 194 AD2d 28 [1st Dept 1993] [attorney censured for neglecting client matter and misrepresenting status of the case]).

We note that, as a consequence of his failure to comply with that portion of the New Jersey Supreme Court's initial order that required respondent to refund money to his client, he is currently suspended in that state. Nevertheless, we need not impose a reciprocal suspension on respondent, since he is already, and continues to be, under suspension in New York for his failure to register.

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent publicly censured.

ACOSTA, P.J., RENWICK, MAZZARELLI, GISCHE and GESMER, JJ., concur.

Respondent publicly censured.