Matter of Winters (2018 NY Slip Op 02144)





Matter of Winters


2018 NY Slip Op 02144


Decided on March 27, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,Justice Presiding,
Angela M. Mazzarelli
Marcy L. Kahn
Cynthia S. Kern
Peter H. Moulton, Justices.


M-4488

[*1]In the Matter of William S. Winters, (admitted as William Stanley Winters), as an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, William S. Winters, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, William S. Stanley, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 25, 1994.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kathy W. Parrino, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent William S. Winters was admitted to the practice of law in the State of New York by the Third Judicial Department on January 25, 1994. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.
By order dated April 30, 2015, the New Jersey Supreme Court temporarily suspended respondent, effective immediately, for his refusal to cooperate with an investigation by the New Jersey Office of Attorney Ethics (OAE) concerning his handling of attorney trust account funds. By order of June 25, 2015, the court, inter alia, continued respondent's temporary suspension while disciplinary proceedings resumed.
In November 2015, the OAE filed a formal disciplinary complaint alleging that respondent's failure to produce requested information constituted a continuing failure to cooperate with its investigation of his alleged knowing misappropriation of client trust account funds, in violation of New Jersey Rule of Professional Conduct 8.1(b) (knowingly failing to respond to a lawful demand for information from a disciplinary authority). Respondent's failure to answer the complaint was deemed an admission of the allegations therein. By order dated April 6, 2017, the New Jersey Supreme Court adopted the decision of the Disciplinary Review Board, censured respondent for violating New Jersey RPC 8.1(b), and continued his temporary suspension until further order of the court.
The Attorney Grievance Committee (Committee) now seeks an order, pursuant to the doctrine of reciprocal discipline and the Rules for Attorney Discipline Matters (22 NYCRR) § 1240.13, disciplining respondent predicated upon the discipline imposed by the Supreme Court of New Jersey, and sanctioning him as this Court deems appropriate. Although served with the petition, respondent has not submitted a response.
Respondent does not have a defense to the reciprocal discipline proceeding (22 NYCRR 1240.13). He was afforded sufficient notice and an opportunity to be heard in the New Jersey Supreme Court proceedings, yet defaulted, and the findings of misconduct made were supported by the record. Indeed, respondent initially cooperated, providing the OAE with some bank records as well as an affidavit in which he consented to disbarment.
As a general rule, in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]).
An interim suspension is warranted as respondent's failure to cooperate with disciplinary authorities constitutes professional misconduct immediately threatening the public interest (see Matter of Pohlmeyer, 226 AD2d 52 [1st Dept 1996]), and prejudicial to the administration of justice in contravention of New York Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4(d).
Accordingly, the Committee's petition should be granted to the extent of immediately suspending respondent from the practice of law, and until further order of this Court.
All concur.
Order filed. [March 27, 2018]
Petition is granted to the extent of suspending respondent from the practice of law in the State of New York, effective the date hereof, and until such time as disciplinary matters pending before the Court have been concluded, and until further order of this Court (22 NYCRR 9).