Matter of Cook (2019 NY Slip Op 00246)





Matter of Cook


2019 NY Slip Op 00246


Decided on January 15, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rosalyn H. Richter, Justice Presiding,
Sallie Manzanet-Daniels
Judith J. Gische
Barbara R. Kapnick
Ellen Gesmer,Justices.


M-4460

[*1]In the Matter of Peter A. Cook, (admitted as Peter Aaron Cook), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Peter A. Cook, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Peter A. Cook, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on August 3, 1988.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Norma Melendez, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Peter A. Cook was admitted to the practice of law
in the State of New York by the First Judicial Department on August 3, 1998, under the name Peter Aaron Cook. At all times relevant to this proceeding, respondent maintained a registered address in New Jersey, where he is admitted to practice and resides.
By order filed May 21, 2018, the Supreme Court of New Jersey censured respondent for, inter alia, lack of diligence in his handling of an estate matter and failing to cooperate with the related disciplinary investigation (see 233 NJ 328, 185 A3d 201 [2018]).
Now, the Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline, imposing the sanction of public censure in the State of New York, or in the alternative, sanctioning respondent as this Court deems appropriate under the circumstances.
In December 2012, a New Jersey District Ethics Committee (DEC) filed a formal disciplinary complaint charging respondent with violating New Jersey Rules of Professional Conduct (RPC) 1.3 (lack of diligence and promptness in representing a client), 1.4(b) (failure to keep a client reasonably informed about the status of a matter and failure to comply with reasonable requests for information), 1.15(b) (failure to promptly notify a third party of receipt of funds and failure to promptly disburse funds), and 8.1(b) (failure to cooperate with disciplinary authorities).
After a hearing, the DEC sustained the four charges brought against respondent. The DEC hearing panel found that respondent lacked diligence in his handling of the estate matter; he failed to respond to numerous calls and letters from the beneficiary of the estate inquiring as to the status of the estate; he failed to provide the beneficiary with periodic accountings for the estate; he failed to provide credible justification for his failure to cooperate with a DEC investigator; and the DEC rejected respondent's anxious depression as a mitigating factor because, even if it was a factor in his handling of the estate, he had commenced treatment for the condition a year prior to the hearing but had still failed to finalize administration of the estate with no justification for his delay.
As to sanction, the DEC found that respondent's misconduct was aggravated by a 2013 admonition for similar misconduct in two separate client matters, and unanimously recommended that respondent receive a reprimand for his violations of New Jersey RPC 1.3, 1.4(b), and 8.1(b), and an admonition for his violation of New Jersey RPC 1.15(b).
Following a de novo review, New Jersey's Disciplinary Review Board (DRB) affirmed the DEC's liability findings in full, finding that they were fully supported by clear and convincing evidence. As to sanction, the DRB found that since respondent's misconduct predated his 2013 admonition, the admonition should not be considered an aggravating factor; there was no basis in the record to support a finding of any mitigating factors; and respondent should be censured and required to provide proof of completion of the administration of the estate within 30 days of the New Jersey Supreme Court's final order in the matter
The New Jersey Supreme Court adopted the DRB's decision by finding respondent guilty of violating New Jersey RPC's 1.15(b), 1.3, 1.4(b), and 8.1(b). It ordered that respondent be censured and that he be temporarily suspended from the practice of law, effective July 5, 2018, unless the Office of Attorney Ethics (OAE) certified to the court that respondent had provided proof that he had completed administration of his client's estate and that all estate monies had been distributed.[FN1]
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, a respondent is limited to the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.
Since respondent has not submitted a response to the petition, he has not raised any of these defenses. In any event, the record establishes that respondent was afforded notice of the New Jersey disciplinary charges and an opportunity to be heard on the allegations, and that sufficient evidence established his misconduct in New Jersey. In addition, the misconduct for which respondent was disciplined in New Jersey constitutes violations of parallel professional conduct rules in New York State.
Since no available defense exists under 22 NYCRR 1240.13, the only issue for this Court to determine is the appropriate sanction to impose. In reciprocal disciplinary matters, we give significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147 [1st Dept 2014]). While in the rare case we will depart from this general rule (see, e.g. Matter of Lowell, 14 AD3d 41, 48-49 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]), this case compels no such departure.
Here, a reciprocal public censure would impose the same sort of discipline imposed in New Jersey and it would be in accordance with our prior decisions involving similar misconduct (see e.g. Matter of Stasiuk, 154 AD3d 20 [1st Dept 2017]; Matter of Bogard, 149 AD3d 224 [1st Dept 2017]).
Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent publicly censured.
All concur.
Order filed. [January 15, 2019]
The Committee's petition for reciprocal discipline is granted, and respondent is publicly censured.



Footnotes

Footnote 1: On June 28, 2018, the OAE certified to the court that respondent had provided proof that he completed the administration of the estate and had disbursed all estate monies.