Matter of Autry (2019 NY Slip Op 06852)





Matter of Autry


2019 NY Slip Op 06852


Decided on September 26, 2019


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Judith J. Gische, Justice Presiding,
Marcy L. Kahn
Jeffrey K. Oing
Anil C. Singh
Peter H. Moulton, Justices.


M-3123

[*1]In the Matter of Wayne A. Autry, (admitted as Wayne Antonio Autry), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Wayne A. Autry, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Wayne A. Autry, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on December 17, 2001.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Orlando Reyes, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Wayne A. Autry was admitted to the practice of law in the State of New York by the First Judicial Department on December 17, 2001, under the name Wayne Antonio Autry. Respondent's last registered address was within the First Department.
On January 30, 2017, this Court suspended respondent from the practice of law as part of a mass suspension proceeding, for failure to file attorney registration statements and pay biennial registration fees. To date, respondent has not been reinstated and remains suspended in New York.
By order filed October 1, 2018, the Supreme Court of New Jersey suspended respondent for three months, retroactive to March 1, 2017 (the date of a prior temporary suspension order) and until further order of the court, based on his failure to cooperate with two separate disciplinary investigations (Matter of Autry, 235 NJ 219, 194 A3d 497 [2018]).
The Attorney Grievance Committee (Committee) now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction and suspending him on an interim basis, until
further order of this Court, based on his discipline in New Jersey.
On July 2, 2015, the New Jersey Supreme Court reprimanded respondent for record keeping violations with respect to his attorney trust account and for failure to cooperate with disciplinary authorities, and directed him to pay the administrative costs of the disciplinary proceeding in which he defaulted (Matter of Autry, 222 NJ 5, 116 A3d 568 [2015]). When respondent failed to pay the costs as directed, the court, by order filed March 10, 2016, effective April 11, 2016, temporarily suspended him pending payment thereof, and until further order of the court. Respondent has remained suspended in New Jersey since April 11, 2016.
Between August and October 2016, the New Jersey Office of Attorney Ethics (OAE) sent respondent two letters requesting that he file a required affidavit of compliance with the court's temporary suspension order. Respondent did not do so, nor did he respond to the OAE's letters.
Meanwhile, on or about August 3, 2016, respondent, while under temporary suspension, made a combined deposit totaling $11,825 into his attorney trust account. On that same date, he issued a check drawn against the account for $11,825 made payable to NJ Pure (a medical malpractice insurance carrier), however, the check was dishonored due to insufficient funds because not all of the above-mentioned deposits were available. On or about August 5, 2016, respondent issued a replacement check.
Between August and October 2016, the OAE sent respondent four additional letters requesting a written explanation as to why he continued to use his attorney trust account while suspended, the reason for the dishonored check, as well as production of required bookkeeping records. The OAE also directed him to appear for a demand audit. Respondent did not comply, nor did he respond to any of the OAE's letters.
In December 2016, the OAE filed a petition for respondent's temporary suspension, based on his failure to cooperate with their investigation. By order filed January 12, 2017, the Supreme Court of New Jersey directed respondent to comply with the OAE's requests within 30 days, failing which, upon renewal of the OAE's application, he would again be temporarily suspended, pending his compliance, and would remain suspended pending his compliance pursuant to the previous March 16, 2016 order, and until further order of the court. Respondent did not comply and on March 1, 2017 the court granted the motion and temporarily suspended respondent, effective immediately, and directed that he remain suspended pending his compliance with the March 2016 order.
In May 2017, the OAE filed a formal disciplinary complaint alleging that respondent's failure to submit the affidavit of compliance, in willful violation of both temporary suspension orders, as well as his failure to respond to the OAE's letters violated the New Jersey Rules of Professional Conduct (NJ RPC) 8.1(b) (knowingly fail to respond to a lawful demand for [*2]information from a disciplinary authority) and 8.4(d) (conduct prejudicial to the administration of justice).
In July 2017, the OAE served respondent with a second formal disciplinary complaint alleging that his failure to cooperate with the investigation regarding the dishonored check drawn against his attorney trust account violated NJ RPC 8.1(b). Respondent did not answer either of the complaints, both of which were served on him at his registered address.
By November 27, 2017, the New Jersey Disciplinary Review Board (DRB) advised respondent that both matters had been certified as defaults based on his failure to answer, he had until December 21, 2017 to make a motion to vacate the defaults, and both matters would be reviewed on the written record on January 18, 2018, with or without a motion to vacate his default. Respondent was also advised of the foregoing information by way of published notice in the December 4, 2017 edition of the New Jersey Law Journal. Respondent did not move to vacate his defaults.
Both matters were consolidated for adjudication. By April 2, 2018 decision, the DRB, which deemed respondent's failure to answer the charges an admission thereof, found that the facts recited in the two complaints supported the charges.
As to sanction, the DRB voted to suspend respondent for three months retroactive to March 1, 2017 (the date of the court's second order of temporary suspension). The DRB noted that factors in aggravation included respondent's prior disciplinary history, as well as his pattern of defaults. The DRB filed its decision with the Supreme Court of New Jersey which determined on its own motion to review the matter and directed respondent to show cause why he should not be disbarred or otherwise disciplined.
As noted, by order filed October 1, 2018, the Supreme Court of New Jersey suspended respondent from the practice of law for a period of three months, retroactive to March 1, 2017, pending his compliance with all of the OAE's outstanding requests, and until further order of the court. The court also ordered that respondent remain suspended pursuant to the March 10, 2016 order, pending his payment of the costs of the disciplinary proceeding which resulted in his 2015 reprimand, and until further order of the court.
The Committee argues that none of the defenses to reciprocal discipline apply herein. As to sanction, the Committee argues that this Court should suspend respondent on an interim basis, rather than impose a three-month suspension. In support, the Committee cites to Matter of Winters (160 AD3d 168, 170 [1st Dept 2018]) in which the respondent was censured in New Jersey for failure to cooperate with the OAE's investigation into his alleged knowing misrepresentation of client trust funds and the court extended his temporary suspension while an investigation continued into his alleged misappropriation of trust funds.
The Committee also cites to Matter of Pohlmeyer (226 AD2d 52 [1st Dept 1996]), in which this Court imposed a reciprocal indefinite suspension based on a temporary suspension. There, the New Jersey temporary suspension was based upon mishandling of estate funds, failure to maintain a proper attorney trust account balance, and failure to appear or provide specific documents at continuations of demand audits (id.).
The Committee argues further that an "interim" suspension would be in accord with this Court's precedent involving such suspensions under 22 NYCRR 1240.9(a)(1) and (3) for failure to cooperate with a disciplinary investigation which conduct immediately threatens the public interest (see Matter of Edwards, 171 AD3d 221 [1st Dept 2019] [interim suspension based on repeated failure to answer complaint and failure to appear for continuation of deposition]).
As an additional basis for respondent's interim suspension, the Committee cites to the fact that he continued to use his attorney trust account while under temporary suspension in New Jersey.
Respondent did not advise the Committee of his discipline in New Jersey as required by 22 NYCRR 1240.13(d). Although respondent was served with the Committee's motion, he has not submitted a response.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent [*3]may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; or (2) an infirmity of prof establishing misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.
While respondent has not appeared and raised any of the aforementioned defenses, none are available to him because he received notice of the allegations at issue in the New Jersey proceeding in which he defaulted. In addition, the DRB's and New Jersey Supreme Court's misconduct findings are amply supported by the record. Further, the misconduct for which respondent was disciplined in New Jersey constitutes misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR § 1200.0) rule 8.4(d).
Thus, the only issue left to resolve is the appropriate sanction to impose. As a general rule, in reciprocal disciplinary matters, this Court gives significant weight to the

sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147 [1st Dept 2014]). Only in rare instances will this Court depart from its general rule (see e.g. Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]).
A definite three-month suspension, as opposed to the indefinite suspension urged by the Committee, is appropriate, particularly given that respondent is already suspended from New York for failure to register with OCA (Matter of Stasiuk, 154 AD3d 20 [1st Dept 2017]).
This matter is distinguishable from the indefinite suspensions this Court imposed in Winters and Pohlmeyer. In Winters, an investigation involving misappropriation of funds was still pending in New Jersey when the respondent essentially reactivated his law practice in New York. In Pohlmeyer, a temporary suspension was the only sanction imposed by the New Jersey court at the time. Here, respondent received a final sanction of a three-month suspension for his failure to cooperate with the disciplinary authorities, and the court directed his temporary suspension remain in place because of his continued failure to pay court costs pursuant to the March 2016 order.
Contrary to the Committee's suggestion, departure from the three-month suspension imposed by the New Jersey court is not warranted because respondent's noncooperation with the

disciplinary authorities was confined to the New Jersey investigations (see Matter of Miller, 190 AD2d 335 [1st Dept 1993]). Furthermore, should respondent seek reinstatement from a reciprocal three-month suspension in New York, he would have to demonstrate his fitness to resume the practice of law (22 NYCRR 1240.16[a]) at which time the Committee could raise the issue of his temporary suspension in New Jersey if relevant.
Accordingly, the Committee's motion should be granted to the extent of finding that respondent has been disciplined by a foreign jurisdiction and, pursuant to 22 NYCRR 1240.13, he should be suspended from the practice of law in the State of New York for a period of three months, and until further order of this Court, with his current suspension for failure to register to remain extant (see Matter of Stasiuk, 154 AD3d at 23).
All concur.
Order filed. [September 26, 2019]
The Committee's motion for reciprocal discipline is granted to the extent of finding that respondent has been disciplined by a foreign jurisdiction, and respondent is suspended from the practice of law in the State of New York for a period of three months, effective immediately, and until further order of this Court, with his current suspension for failure to register to remain extant.