Matter of Eddings (2025 NY Slip Op 04961)

Matter of Eddings

2025 NY Slip Op 04961

Decided on September 11, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 11, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Peter H. Moulton
Justice Presiding

Motion No. 2025-03084|Case No. 2025-03341|

[*1]In the Matter of Ekaette Patty-Anne Eddings an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ekaette Patty-Anne Eddings (OCA Atty Reg. 4111217), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Ekaette Patty-Anne Eddings, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 7, 2003.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Louis J. Bara, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Respondent Ekaette Patty-Anne Eddings was admitted to the practice of law in the State of New York by the First Judicial Department on January 7, 2003. This Court has jurisdiction over respondent as the admitting Judicial Department pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.7(a)(2).
By order dated May 7, 2025, the Colorado Supreme Court interimly suspended respondent from the practice of law upon reasonable cause to believe respondent abandoned an immigration client (M.M.) and knowingly failed to refund him for unearned fees. While respondent is not admitted to the practice of law in Colorado, the Colorado Supreme Court retained jurisdiction over the matter based on respondent's practice of federal law within the state pursuant to Colorado Rules of Civil Procedure (CRCP) 242.1(a)(2).
In February 2023, respondent agreed to prepare and file immigration forms on behalf of M.M. M.M. paid respondent $3,159 in advance for the agreed upon work and signed a client care letter expressly stating that the payment was not a retainer, that respondent would "begin work in assisting the client in this matter immediately" and that "[a]ll fees are due and payable upon commencement of said work." Respondent failed to perform the work and deposited $2,609.00 of the unearned fee into her personal checking account.
In May 2024, M.M. discovered that respondent did not perform the agreed upon work and requested a refund. Respondent refunded M.M. only $575. Respondent converted the remainder of M.M.'s funds for her personal use.
In April 2025, the Colorado Office of Attorney Regulation Counsel filed an amended petition for interim suspension based on respondent's alleged professional misconduct pursuant to CRCP 242.22. On May 5, 2025, the Presiding Disciplinary Judge recommended respondent's interim suspension, finding there was reasonable cause to believe respondent's conduct caused M.M. substantial harm. The court also noted that respondent failed to cooperate in the investigation by refusing to produce any substantive information regarding the alleged misconduct. On May 7, 2025, the Colorado Supreme Court imposed the recommended interim suspension.
The Attorney Grievance Committee of the State of New York (the AGC) now seeks an order from this Court pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, interimly suspending respondent, predicated on the discipline imposed in Colorado. The AGC asserts that none of the defenses pursuant to 22 NYCRR 1240.13 are applicable and interim suspension is appropriate because the misconduct also violated the New York Rules of Professional Conduct (22 NYCRR 1200.0). The AGC further notes that this Court has previously imposed reciprocal discipline when an attorney has been disciplined in a state where they are not admitted to the practice of law (see Matter of Ziankovich, 180 AD3d 140 [1st Dept 2020]).
Respondent opposes and requests the AGC's motion be dismissed but does not assert any of the enumerated defenses. Instead, she argues that the proceeding is unlawful as she was not admitted to the practice of law in Colorado, which then requires the AGC to conduct its own independent investigation. Regardless, she contends that the dispute was settled and the complaint was withdrawn.
As an initial matter, we find the AGC has no obligation to conduct its own independent investigation (CPLR 1240.13[a]; see e.g. Ziankovich, 180 AD3d 140).
On the merits, respondent fails to raise or establish any of the applicable defenses (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]). Respondent received notice of the allegations at issue as she was served with the Colorado amended petition seeking her interim suspension. The Colorado Presiding Disciplinary Judge's findings underlying the interim suspension are sufficiently supported by the record. Additionally, the Colorado decision establishes respondent's failure to refund the unearned fee, failure to cooperate with the Colorado investigation, and neglect of the underlying immigration matter. There is no evidence countering these findings. This misconduct constitutes misconduct in violation of New York rules 1.3(b), 1.16(e), and 8.4(d) (see Ziankovich at 145 [reciprocal discipline of suspension based on suspension in Colorado for failure to return unearned fees to client]).
While respondent asserts that she and her client have now "settled" their dispute and the complaint at issue has been withdrawn, she fails to provide documentary evidence supporting this position. Additionally, there is no evidence that the Colorado court vacated or modified any of the findings of misconduct underlying her interim suspension.
With respect to sanctions, we find interim suspension is the appropriate reciprocal discipline as it is comparable to the discipline imposed in Colorado and follows this Court's precedent (see Matter of Carrillo, 219 AD3d 1 [1st Dept 2023]; Matter of Winters, 160 AD3d 168 [1st Dept 2018]; Matter of Pohlmeyer, 226 AD2d 52 [1st Dept 1996]).
Accordingly, the AGC's motion should be granted, and interim suspension imposed, effective immediately, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, is granted, and respondent, Ekaette Patty-Anne Eddings, is interimly suspended from the practice of law, effective immediately, and until further order of the Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Ekaette Patty-Anne Eddings, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Ekaette Patty-Anne Eddings, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Ekaette Patty-Anne Eddings, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: September 11, 2025