[627 NYS2d 910]

In the Matter of JOANNE MARIE LEDDY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 1, 1995

### APPEARANCES OF COUNSEL

*Mady J. Edelstein* and *Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*D. Sanford Jorgensen* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Joanne Marie Leddy, was admitted to the

practice of law in New York State by the First Judicial Department on June 16, 1980. At all times pertinent to this proceeding respondent has maintained an office for the practice of law in the First Judicial Department.

By a Notice and Statement of Charges served on the respondent on or about June 17, 1992, respondent was charged with neglecting a legal matter entrusted to her in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30), intentionally prejudicing or damaging her client in the course of her representation in violation of DR 7-101 (A) (3) (22 NYCRR 1200.32), intentionally failing to carry out a contract of employment with her client in violation of DR 7-101 (A) (2) (22 NYCRR 1200.32), and engaging in conduct that adversely reflected on her fitness to practice law in violation of DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3). The Hearing Panel sustained the charge of neglect in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30) and dismissed the other three charges. The Panel concluded that staff counsel did not prove that the respondent intentionally prejudiced or damaged her client's interests or intentionally failed to carry out a contract of employment. The Panel concluded that the respondent's actions were the result of her impaired psychological condition during the time period during which the misconduct occurred.

Upon our review of the evidence in this case, we conclude that there is ample evidence to sustain the Hearing Panel's findings that the respondent neglected the complainant's lawsuit and did fail to properly advise the complainant of the status of the case. However, the Panel also properly concluded that due to her psychological condition at the time, respondent did not intentionally fail to carry out her contract of employment, prejudice or damage her client's interests or engage in conduct that adversely reflects upon her fitness to practice law.

While the respondent's psychological condition is not a defense to the charges, it may be taken into account in mitigation of the sanction imposed (Matter of Winston, 137 AD2d 385). The sanction generally imposed upon an attorney for neglect of legal matters where there is no prior disciplinary record is public censure (see, Matter of Kraft, 148 AD2d 149). Suspension has been imposed upon attorneys for neglecting legal matters where prior admonitions were involved (see, Matter of Kovitz, 118 AD2d 285). The fact that the prior admonition this respondent received was for neglect of the same legal matter involved in this proceeding, renders this

matter distinguishable from those in which multiple neglects are involved. In addition, we note that the evidence demonstrates that the respondent has been alcohol and drug free since 1987 and regularly participates in group meetings and therapy.

Accordingly, we grant the Departmental Disciplinary Committee's petition and confirm the Hearing Panel's findings of fact and conclusions of law and impose the sanction of public censure and disaffirm the Hearing Panel's further recommendation that a reporting requirement be imposed upon the respondent's employer.

SULLIVAN, J. P., WALLACH, RUBIN, ROSS and ASCH, JJ., concur.

Petition granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, and respondent is publicly censured.