[13 NYS3d 426]

In the Matter of RICHARD A. GILBERT (Admitted as RICHARD ADAM GILBERT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 14, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Paul L. Friman* of counsel), for petitioner.

*Mischel & Horn, P.C.* (*Richard E. Mischel,* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Richard A. Gilbert was admitted to the practice of law in the State of New York by the Second Judicial Department on May 1, 1985, under the name Richard Adam Gilbert. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In 2012, the Departmental Disciplinary Committee brought charges against respondent stemming from his mishandling of a matrimonial matter. After evidentiary hearings before a Referee, the issuance of the Referee's report and recommendations, oral arguments before a Hearing Panel, and the issuance of the Hearing Panel's report and recommendations, the Committee now moves for an order confirming the Hearing Panel's liability findings and imposing a sanction deemed just and proper by this Court. Respondent does not contest the Hearing Panel's liability findings.

The charges that the Hearing Panel has recommended that we sustain, with the concurrence of both the Committee and respondent, are as follows: (1) neglect of a client matter (Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]; rule 1.3 [b] of the Rules of Professional Conduct [RPC] [22 NYCRR 1200.0]) (charge two); (2) failing to return unearned fees to a client (DR 2-110 [a] [3] [22 NYCRR 1200.15 (a) (3)]; RPC rule 1.16 [e]) (charge three); (3) conduct prejudicial to the administration of justice (DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]; RPC rule 8.4 [d]) (charge four); and (4) conduct adversely reflecting on respondent's fitness as a lawyer (DR 1-102 [a] [7] [22 NYCRR 1200.3 (a) (7)]; RPC rule 8.4 [h])

(charge five). As the Hearing Panel's liability findings are amply supported by the record, and are unchallenged by either party, those findings are confirmed, and charges two, three, four and five are sustained.[1]

The charges against respondent relate to his representation of a woman (AW) who retained his firm to file for a divorce in 1994.[2] AW paid the firm a retainer fee of $3,750. Respondent initially performed substantial work on the matter, including the preparation of a summons and complaint, an omnibus motion for pendente lite relief, preparation of a net worth statement, and several drafts of a separation agreement. During the course of the representation, however, AW's husband discharged his counsel and repudiated a proposed stipulation of settlement to which his counsel had agreed. At that point, the matter ceased to move forward.

In 2001, AW filed her first complaint against respondent, alleging that he had neglected her matrimonial matter. In response to that complaint, respondent admitted to the Committee that he was to blame for AW's failure to obtain a divorce judgment up to that point, and the Committee issued a letter of admonition, dated September 10, 2002, finding that respondent had neglected a client matter. The letter directed respondent "to complete [AW's] divorce at the earliest opportunity at no additional charge." In 2003, the matter was still unresolved, and AW filed another complaint against respondent, to which he responded with the representation that he was working on completing it. Based on that representation, the Committee closed the investigation. The matter continued to languish, however, leading AW to file a third complaint in 2006, the investigation of which was again closed based on respondent's assurances that he would complete the divorce. Finally, in 2010, with the divorce still not final, AW filed the complaint from which the present motion stems.

As previously noted, respondent concedes that, as found by the Hearing Panel, he is guilty of neglect, failing to refund an

---

1. Respondent was charged under both the former Disciplinary Rules and the current Rules of Professional Conduct because the misconduct at issue occurred both before and after April 1, 2009, the date on which the Rules of Professional Conduct went into effect. We note that charge one proffered by the Committee, accusing respondent of dishonest conduct, was rejected by both the Referee and the Hearing Panel. The Hearing Panel rejected the Referee's finding of no liability on charges three and four.

2. At the time of the initial retention, respondent was an associate of the firm, which assigned AW's case to him. Respondent subsequently became, and is now, a partner of the firm.

unearned fee, conduct prejudicial to the administration of justice, and conduct reflecting adversely on his fitness as a lawyer. This leaves for decision only the question of the appropriate sanction. The Hearing Panel amended the Referee's recommendation of a 30-day suspension to one of 60 days. Respondent asks us to impose a public censure. As previously noted, the Committee asks only that this Court impose a sanction that we deem just and proper.

We find that, on balance, the facts of this case favor public censure over a brief suspension. As this Court has observed, "public censure is a suitable sanction for neglect of client matters if an attorney has no history of misconduct warranting disciplinary action" (*Matter of Johannes*, 66 AD3d 39, 41 [1st Dept 2009]). Apart from this matter, respondent has an unblemished disciplinary record over a career of approximately 30 years.[3] Further, a number of mitigating factors weigh in respondent's favor. As noted, his neglect was confined to a single matter and was not accompanied by any other egregious misconduct. During the period at issue, he experienced serious family and professional difficulties, including medical crises and deaths of people close to him. Respondent has fully cooperated with the Committee. He has admitted his misconduct and ultimately refunded his fee to AW. He has also taken steps to ensure that he will not neglect matters in the future, such as installing a better computer case-tracking system and increasing the frequency of his firm's comprehensive case progress meetings. Finally, we are persuaded of the sincerity of respondent's expression of remorse.

Accordingly, the Committee's petition should be granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law sustaining charges two, three, four and five, and respondent is hereby publicly censured.

FRIEDMAN, J.P., SWEENY, ACOSTA, DEGRASSE and GISCHE, JJ., concur.

Respondent publicly censured.

---

**3.** We do not regard the 2002 letter of admonition in respondent's file as "prior discipline" in the true sense because it is based on the same misconduct at issue in this proceeding (*see Matter of Leddy*, 211 AD2d 232, 233 [1st Dept 1995]).