Matter of DeMaio (2021 NY Slip Op 06092)





Matter of DeMaio


2021 NY Slip Op 06092


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Judith J. Gische
Troy K. Webber
Angela M. Mazzarelli
Peter H. Moulton, JJ.


Motion No. 2021-03078 Case No. 2018-00047 

[*1]In the Matter of John P. DeMaio, (Admitted as John Peter DeMaio) an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, John P. DeMaio, (OCA Atty. Reg. No. 1256643), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 15, 1978.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Norma I. Lopez, Esq., of counsel), for petitioner.
Regina L. Darby, Esq., for respondent.



Per Curiam


Respondent John P. DeMaio was admitted to the practice of law in the State of New York by the Second Judicial Department on March 15, 1978, under the name John Peter DeMaio. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department.
The Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5)(i) provides that, at any time after the Committee files a petition alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent, which must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction (see 22 NYCRR 1240.8 [a] [5] [i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion.
By joint motion, the Attorney Grievance Committee (AGC) and respondent ask this Court, pursuant to the framework outlined above, to censure respondent as a sanction for respondent's alleged violation of five separate disciplinary charges. In support, the parties have submitted a joint affirmation which includes, inter alia, a stipulation of facts and, as provided for in 22 NYCRR 1240.8(a)(5)(iii), an affidavit from respondent dated September 10, 2021, in which he admits that he violated rules 1.3(a) and (b), 3.1(b)(1) and (2), and 8.4(h), of the Rules of Professional Conduct (RPC)(22 NYCRR 1200.0).
With respect to charge one, respondent conditionally admits that he was retained and paid a fee in May 2012 "to pursue criminal charges and civil remedies" against his client's tenants and, for approximately 18 months after issue was joined, he failed to act with reasonable diligence and promptness in representing his client in violation of RPC rule 1.3(a) and neglected a legal matter entrusted to him in violation of RPC rule 1.3(b).
With respect to charges two and three, respondent conditionally admits that he was retained on January 3, 2012 and paid a fee and filing fees to commence a lawsuit against Carnegie Hall for breach of contract. A few days later, he showed his client a letter to Carnegie Hall and summons with notice he had drafted but did not file. In August 2012, respondent sent Carnegie Hall a letter similar to the one he drafted in January and attached a summons with notice that did not have an index number; he did not file the summons and complaint. In April 2016, respondent purchased two separate index numbers and emailed his client two summonses with endorsed complaints (one for $25,000 and the other for $100,000), but still did not serve the defendant with the summons. Finally, on November 28, 2017, respondent filed [*2]a summons with notice against Carnegie Hall for breach of contract for $500,000; however, due to his error in dating the breach of contract as December 22, 2017 instead of December 22, 2011, he had to file an amended summons on December 1, 2017. In June 2018, Carnegie Hall's motion to dismiss under CPLR 3211(a)(7) was granted.
Respondent conditionally admits that, by not filing a summons on his client's breach of contract claim until November 28, 2017, nearly six years after he was retained and after the alleged occurrence, he failed to act with reasonable diligence and promptness in representing a client in violation of RPC rule 1.3(a) and neglected a legal matter entrusted to him in violation of RPC rule 1.3(b).
With respect to charges four and five, respondent, in April 2019, filed an action in New York County Supreme Court seeking to stay a foreclosure action and to vacate a judgment of foreclosure and sale of property owned by his client. Brian Goldberg, Esq., who represented three of the multiple defendants, filed a motion to dismiss the complaint against his clients and on September 23, 2019, respondent and Goldberg signed a stipulation to discontinue the action with prejudice, against Goldberg's clients, with the other defendants remaining in the action. On October 19, 2019, Miali Makelele, Esq., filed a summons and complaint making the same allegations as the New York County action against all the defendants in Queens County, not knowing that respondent and Goldberg had stipulated to a discontinuance. Shortly after the filing of the Queens action, respondent handled the case as of counsel to Makelele.
On October 24, 2019, Goldberg moved to dismiss the Queens action and on November 5, 2019, respondent advised Goldberg that he would be seeking a stay of the Queens matter by order to show cause. That same day, Goldberg told respondent that the new action and proposed stay of the judgment of foreclosure were inappropriate since the same allegations in the New York action had been discontinued with prejudice against his clients, and that he would seek costs, fees, and sanctions. Goldberg also emailed respondent a copy of a complaint he intended to file with the AGC which led to respondent losing his temper and leaving a voicemail message in which he cursed at Goldberg. When Makelele became aware of the stipulation of discontinuance in New York County against Goldberg's clients, he and Goldberg signed a stipulation of discontinuance for the Queens matter, which was filed on November 6, 2019, the same day respondent presented an order to show cause to the court.
Respondent conditionally admits that by filing an order to show cause to stay the Queens County action after having entered into a stipulation of discontinuance with prejudice on the same matter in New York County, he knowingly advanced a claim that was unwarranted under existing law for purposes of delaying or prolonging the action, in violation of rule 3.1(b)(1) and (2); and by leaving [*3]a voicemail with expletive language for Goldberg, he engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h).
The parties agree that respondent's conduct was aggravated by the fact that respondent previously received four admonitions: in 1996, he was found to have neglected a wrongful termination matter; in 2010, he sent a misleading letter to a bank on behalf of his client; in 2014, he was found to have neglected a legal matter in a matrimonial case; and in 2015, he was found to have violated RPC rule 1.7 (a)(1) and RPC rule 8.4(h) by representing clients with differing interests in a divorce matter and a landlord tenant matter.
In mitigation, the parties cite to respondent's cooperation with the Committee, that he admitted to his misconduct and has expressed remorse for it; that between May and September 2021, he successfully undertook, without fee, to effect the eviction of his first client's tenants and has offered to refund her money; he has undertaken, without a fee, to determine the viability of a medical malpractice action on behalf of his client who had retained him to sue Carnegie Hall; with respect to Goldberg, he has sent a written apology for his use of a single expletive and requested forgiveness; and he has submitted 25 character letters which note, among other things, his pro bono work, his generosity and honesty, his charitableness, and his supportiveness of his family.
The parties agree that the appropriate sanction for respondent's conduct is a public censure. While respondent has received four admonitions, one was imposed over 20 years ago and another over 10 years ago, and of the two admonitions received in the last six or so years, only one of them was for misconduct similar to that presently charged. Moreover, the mitigation presented includes respondent's efforts to remedy his neglect and bad conduct. Indeed, the sanction proposed by the parties is supported by case law cited by the parties, which involved neglect that, as here, was not accompanied by any additional serious misconduct (see Matter of Thomas, 159 AD3d [1st Dept 2018]; Matter of Gilbert, 131 AD3d 171 [1st Dept 2015]; Matter of Salomon, 78 AD3d 115 [1st Dept 2012]. In light of this precedent, we see no reason to disturb the sanction to which the parties have agreed.
Accordingly, the parties' joint motion for discipline by consent should be granted, and respondent should be publicly censured. The Committee's petition of charges is denied as moot.
All concur.
It is Ordered that the parties' joint motion pursuant to 22 NYCRR 1240.8 (a) (5) for discipline by consent is granted, and
It is further Ordered that respondent, John P. DeMaio, (admitted as John Peter DeMaio) is hereby publicly censured for his misconduct, and
It is further Ordered that the Attorney Grievance Committee for the First Judicial Department's separately filed petition of charges is denied as moot.
Entered: November 9, 2021