23-90033-am
In re DeMaio

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of July, two thousand twenty-three.

PRESENT:
José A. Cabranes,
Richard C. Wesley,
Myrna Pérez,
   *Circuit Judges.*

---

In re John P. DeMaio,                                      23-90033-am

                              Attorney.                   ORDER OF
                                                          GRIEVANCE PANEL

---

FOR JOHN P. DEMAIO:                         John P. DeMaio, Esq.,
                                            New York, New York

John P. DeMaio was referred to this panel based on his conduct in *Wilmington PT Corp. v. Mitra*, 2d Cir. 21-2424, in which he represented the appellants. *See* 2d Cir. 21-2424, doc. 97 (referral order). For the following reasons, DeMaio is publicly reprimanded for his conduct in that appeal.[1]

---

[1] DeMaio was admitted to the New York State bar in 1978. Although he was admitted to this Court's bar in 2005, that admission has lapsed. However, the fact that he is not a current member of this

**I.** ***Wilmington PT Corp. v. Mitra***, **2d Cir. 21-2424**

The *Wilmington PT* appeal was taken from a judgment directing the foreclosure and sale of certain real property owned by the appellants. *See id.*, doc. 3 (copy of judgment). In September 2021, DeMaio moved in this Court for a stay of the scheduled auction of the property. *Id.*, doc. 14 (motion). A judge of this Court denied an emergency stay. *Id.*, doc. 34 (order). Thereafter, the Court was advised (but not by any of the parties) that one of the appellants had filed for bankruptcy. A judge of this Court then issued an order on October 26, 2021, stating the following:

> Appellants move for a stay of certain district court orders. Upon due consideration, it is hereby ORDERED that the parties file, within 21 days of the date of this order, detailed letter-briefs addressing the following issues:
>
> > (1) Whether the real property at issue has been sold and, if so, whether the sale has rendered the stay motion moot in whole or part; and
> >
> > (2) Whether this appeal is subject to an automatic bankruptcy stay and, if so, (a) whether a particular party or parties were responsible for informing this Court of the stay, (b) whether any form of notice was given to this Court, and (c) if notice was not given, whether any party or attorney should be sanctioned or otherwise disciplined for that omission.
>
> The parties are advised that the presentation of frivolous arguments in response to this order is itself sanctionable.

*Id.*, doc. 46 (order). DeMaio's response to the order stated, in full: "The Bankruptcy was not filed by my office, but by a separate Bankruptcy Attorney. The Court's request for information has been forwarded to that Attorney." *Id.*, doc. 53 (DeMaio response). DeMaio did not provide the name of the bankruptcy attorney and no response was received from any other attorney for the appellants. Additionally, DeMaio's response did not provide any of the information required by the order, including any information he presumably could have obtained by conferring with the bankruptcy attorney or his

---

Court's bar does not shield him from this Court's disciplinary authority. *In re Koenig*, 592 F.3d 376, 378 (2d Cir. 2010).

own clients and/or by reviewing public records. He also did not address (a) whether his own motion for a stay might have been rendered moot; (b) whether he or anyone else should have informed the Court of the bankruptcy or the apparent bankruptcy stay, (c) when he became aware of the bankruptcy, or (d) whether he or anyone else should be sanctioned for that omission.

The appellee, on the other hand, filed a response informing the Court that one of the appellants had recently filed for bankruptcy, that the bankruptcy filing had stayed the foreclosure sale, and that the bankruptcy also required the appellants' appeal to be stayed. *Id.*, doc. 49 (Appellee's response).

In November 2021, the Court entered a new order, stating the following:

> In accordance with the stay provisions of the U.S. Bankruptcy Code, 11 U.S.C. § 362, . . . [i]t is hereby ORDERED that this appeal is stayed.
>
> Appellants are directed to inform this Court, in writing, as to the status of the automatic stay, within 14 days of the date of this order, thereafter at 30-day intervals, and immediately when the stay is lifted or when there are other developments in the bankruptcy proceeding which permit this matter to proceed or otherwise be resolved. It is further ORDERED that, within 21 days after the bankruptcy stay is lifted, Appellants must show cause why the appeal should not be dismissed and/or the Appellants' attorney sanctioned for failing to properly respond to the Court's order dated October 26, 2021.

*Id.*, doc. 59 (order). DeMaio did not file any of the required status reports, although the Court issued four written status requests from January 2022 to December 2022 and a Court employee later made such a request on DeMaio's voicemail system. *Id.*, docs. 61, 64, 66, 71 (written requests); entry 76 (non-public entry describing voicemail message). DeMaio also did not comply with the part of the order requiring him, after the bankruptcy stay was lifted, to show cause why the appeal should not be dismissed and/or he should not be sanctioned for failing to properly respond to the October 2021 order.

In February 2023, DeMaio informed a Court employee by telephone that he would file a status report. *Id.*, entry 77 (non-public entry describing conversation). He did not do so. After yet another

3

status request was issued, *id.*, doc. 78 (request), DeMaio submitted a letter stating, in full: "I am not the Bankruptcy Attorney. Thank you[,]" *id.*, doc. 79 (letter).

In March 2023, the Court entered an order, noting DeMaio's failure to comply with the Court's prior orders and sua sponte lifting the stay of the appeal because the Court itself had determined that a February 2023 bankruptcy court order appeared to permit the appeal to proceed. *Id.*, doc. 82 (order). The order also directed the appellants to propose a filing date for their brief and required DeMaio "to show cause as to why he should not be sanctioned for failing to comply with this Court's orders and failing to notify the Court of the status of the bankruptcy court action." *Id.*

In response to the Court's March 2023 order, DeMaio moved for withdrawal of the appeal and for the part of the order requiring him to show cause why he should not be sanctioned be "withdrawn as moot." *Id.*, doc. 88 (motion). He also filed a separate, defective, motion asking that he not be sanctioned. That defective motion stated the following:

> I represented the Defendants-Appellants for the limited purpose of filing the Notice of Appeal. I was never retained as the Appellate Attorney. The Stay was obtained by the filing of a Bankruptcy by the Bankruptcy Attorney. I was never the Bankruptcy Attorney. After the Judgment at the Trial level, my former clients, apparently, unhappy with the result have declined to communicate with me despite numerous requests. My knowledge of the matter, after the filing of the Notice of Appeal was limited to the online information in the Bankruptcy Court. Upon learning of the approval of the loan modification in the Bankruptcy Court, and after obtaining permission to do so, I moved to withdraw the Appeal with prejudice. Given all of the aforesaid, I respectfully submit that sanctions are not indicated. WHEREFORE THE SHOW CAUSE SHOULD BE WITHDRAWN.

*Id.*, doc. 89 (defective motion) (citation omitted; capitalization as in original). A judge of this Court granted the request to withdraw the appeal but denied the request to terminate the part of the order concerning potential sanctions and forwarded that part of DeMaio's motion to this panel to allow it to be treated as DeMaio's response to the order to show cause why sanctions should not be imposed. *Id.*, doc. 97 (order).

4

## II. Prior Disciplinary History

In 2021, DeMaio was publicly censured by the New York State Supreme Court Appellate Division for neglecting several client matters, advancing an unwarranted claim, and leaving opposing counsel a message with expletive language. *In re DeMaio*, 200 A.D.3d 140 (1st Dep't 2021). Prior to that censure, he had been admonished on four occasions, for neglecting client matters, sending a misleading letter to a bank for a client, and representing clients with differing interests. *Id.* at 143-44.

## III. Discussion and Disposition

As an initial matter, we reject DeMaio's assertion that his representation of the *Wilmington PT* appellants was limited to the filing of their notice of appeal.[2] After filing the notice of appeal in district court, DeMaio filed a notice of appearance in this Court; that notice did not suggest that his appearance was limited in any way. 2d Cir. 21-2424, doc. 12 at 2-3 (notice of appearance). DeMaio's stay motion also explicitly stated that he was counsel to the appellants, without suggesting any limitation. *Id.*, doc. 14 (motion) at 1, 2, 8, 80 (pdf pag.). DeMaio also made that explicit representation in later filings in this Court. *Id.*, doc. 23 (letter), doc. 29 (reply in support of stay motion), doc. 41 ("Form D").

Once an attorney enters an appearance in this Court, the attorney is obligated to proceed with the representation—and prosecute, or defend against, the appeal—until the Court either grants the attorney's motion to withdraw from the representation or removes the attorney from the representation through some other procedure. *In re Tustaniwsky*, 758 F.3d 179, 182 (2d Cir. 2014); *In re Payne*, 707 F.3d 195, 206 (2d Cir. 2013). Although DeMaio asserts that his "former" clients stopped communicating

---

[2] Our analysis takes into consideration DeMaio's arguments in his defective response to the March 2023 order. Although we could decline to consider that defective response, and treat his failure to cure the defects as a waiver, we nonetheless excuse DeMaio's default/waiver to avoid overlooking any possible legitimate excuse for his questionable conduct. *See Scarborough v. U.S. Sec. Assocs., Inc.*, 836 F. App'x 60, 62 (2d Cir. 2020) (noting the Court's discretion to consider waived arguments).

5

with him, that did not end his representation or alter his obligation to continue properly prosecuting the appeal.

> [C]ounsel may not end the representation of a client without taking affirmative action . . . . Depending on the precise circumstances, the proper course of action would have been to affirmatively seek, prior to any applicable deadline: (a) an extension of time, stay of proceedings, or withdrawal of the case without prejudice to reopening by a specified deadline, if [counsel] believed that the client might resurface and want to proceed with the case; (b) leave to withdraw as counsel; (c) leave to withdraw the case without prejudice; or (d) guidance from the Court.

*Payne*, 707 F.3d at 206; *accord In re Yan*, 390 F. App'x 18, 20 (2d Cir. 2010).

Additionally, DeMaio's responses (and lack of response in several instances) to this Court's orders and other directives were inappropriate. Although DeMaio was not the appellants' bankruptcy attorney, he presumably was capable of providing much of the information required by the October and November 2021 orders, since he knew the identity of the bankruptcy attorney, knew that the bankruptcy case existed, and did not suggest he was incapable of contacting the bankruptcy attorney and/or reviewing the bankruptcy docket. *Cf. In re Aranda*, 789 F.3d 48, 56 (2d Cir. 2015) ("An attorney responding to disciplinary charges must make reasonable efforts to review all relevant records and other evidence; if relevant evidence is not accessible, the attorney must detail his or her efforts to obtain it and, if appropriate, request a subpoena or other help from this Court.").

It also was inappropriate to unilaterally assign the responsibility of responding to this Court's order to the bankruptcy attorney; DeMaio (and not the unnamed bankruptcy attorney) was the attorney of record in this Court. Further, even if DeMaio was not familiar with the details of the bankruptcy, he did have the ability to address, as required by the October 2021 order, whether a particular party or parties should have informed this Court of the bankruptcy stay, whether any form of notice was given to this Court, and whether anyone should be sanctioned for that omission.

DeMaio's failure to file any of the required status reports (despite the numerous reminders from the Court), and his shunting of that responsibility to the unnamed bankruptcy attorney, also was inappropriate. The docket reflects that much time and effort was expended by Court personnel in trying to persuade DeMaio to comply with his obligations—time and effort that could have gone to the processing of other cases, which were effectively delayed as a result of DeMaio's defaults. *In re Gordon*, 780 F.3d 156, 159 (2d Cir. 2015) (stating that misconduct "caused prejudice of a different type: [counsel] wasted the time of opposing counsel, Court employees, and judges; delayed the processing of other litigants' cases; and caused unnecessary expense to the public.").

We are also concerned by (a) DeMaio's failure to respond to the direction in the November 2021 order that he show cause why the appeal should not be dismissed and/or he be sanctioned for failing to properly respond to the Court's October 2021 order; and (b) his failure to cure his defective response to the March 2023 order to show cause why he should not be sanctioned. Those failures not only can be treated as an admission that he did, in fact, engage in the specified misconduct and lacked any legitimate excuse for it but, moreover, they constitute an independent basis for disciplinary action. *Aranda*, 789 F.3d at 57.

We find several aggravating factors. First, DeMaio has many years of experience as an attorney. *See In re DeMell*, 589 F.3d 569, 573 (2d Cir. 2009) (*per curiam*) (stating that attorney's "many years of experience is an aggravating factor"); ABA Standards for Imposing Lawyer Sanctions ("ABA Standards") § 9.22(i) (1986, amended 1992) (listing "substantial experience in the practice of law" as aggravating factor). Second, DeMaio's disciplinary history was serious enough to warrant a prior public censure. ABA Standards § 9.22(a) (listing "prior disciplinary offenses" as aggravating factor). Third, despite this Court's multiple expressions of concern about DeMaio's conduct throughout the appeal, and its multiple references to the possibility of sanctions, DeMaio neither altered his behavior nor

7

acknowledged that any of it was inappropriate. *Id.* § 9.22(g) ("refusal to acknowledge wrongful nature of conduct"); *In re Roman*, 601 F.3d 189, 196 (2d Cir. 2010) ("[T]he fact that Roman continued to engage in misconduct in this Court after being put on notice by the Ninth Circuit about similar misconduct constitutes a significant aggravating factor."); *In re Schwartz*, 665 F. App'x 99, 103 (2d Cir. 2016) (summary order) (holding that the attorney's failure to alter his behavior, after this Court's order to show cause in the disciplinary proceeding put him on notice of the Court's concerns, constituted a significant aggravating factor). Fourth, DeMaio's failure to address most of the misconduct described in this Court's orders "constitutes both an independent basis for disciplinary action and an aggravating factor." *Aranda*, 789 F.3d at 57.

DeMaio's filings, including his defective response to the Court's March 2023 order, do not suggest any mitigating factors. However, nostra sponte we note two minor mitigating factors. First, despite having significant experience elsewhere, DeMaio has rarely represented a party in this Court (although it is difficult to see how that might excuse his failure to comply with clear directives of the Court in its orders and notifications). *See* ABA Standards § 9.32(f) (listing inexperience as mitigating factor). Second, since the misconduct was limited to one case, the resulting prejudice to the Court, other litigants, and the public was somewhat limited.

Upon due consideration, it is hereby **ORDERED** that DeMaio is **PUBLICLY REPRIMANDED** for his misconduct in this Court. Because DeMaio is not currently a member of this Court's bar, we do not have occasion to consider a period of suspension. However, the misconduct described above, and DeMaio's refusal to acknowledge that any of it may have been even questionable, likely would have warranted a suspension had he been a member of this Court's bar.

It is further **ORDERED** that DeMaio provide a copy of this order with any future application for admission to the bar of this Court or any future motion to appear pro hac vice in any appeal in this

8

Court.   If DeMaio is required by any rule or other authority to continue his representation of a client in this Court, he must promptly notify the Clerk of Court and this panel.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] The Clerk of Court is directed to release this decision to the public by posting it on this Court's web site and providing copies to the public in the same manner as all other unpublished decisions of this Court, and to serve a copy on DeMaio, the disciplinary committee for the New York State Appellate Division, First Department, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.